Jimmy Joe TICE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in
Error.

No. A-12133.

Criminal Court of Appeals of Oklahoma.

May 4, 1955.

874

Githen K. Rhoads, David J. Aubrey, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in Error, Jimmy Joe Tice, defendant below, was charged by information, in the Superior Court of Comanche County, Oklahoma, with having on or about January 17, 1954, committed the crime of burglary in the second degree, T. 21, § 1435, O.S.1951, a second and subsequent offense, T. 21, § 54, O.S.1951; after a prior conviction in the State of Texas. The crime charged herein was allegedly committed in the nighttime in said County and State, by breaking and entering the south door of a certain beer tavern, and taking, stealing, and carrying away, with felonious intent, from said premises, lawful money, belonging to one R. C. Cross. The defendant was tried by a jury, convicted, his punishment fixed at 10 years in the penitentiary, judgment and sentence was entered accordingly; from which this appeal has been perfected.

The first contention advanced by the defendant is that:

"The Court committed reversible error in refusing to strike from the evidence State's Exhibits 1, 2, and 3, being the indictment, judgment and sentence of the Texas Court; and in overruling the special demurrers relative to the second and subsequent felony at the close of the State's evidence and at the close of all the evidence."

The foregoing contention is predicated upon the proposition that, the State of Oklahoma offered in evidence, Exhibits 1, 2, and 3, being the indictment, judgment,

sentence, and commitment made and entered on a charge of burglary in the District Court of Wichita County, Texas. In said documents, it was recited that the defendant had plead guilty to the crime of burglary in said District Court of the State of Texas, on or about April 28, 1947. It appears, at the trial of the within case, said Exhibits 1, 2, and 3, were properly identified, and Jimmy Joe Tice, the defendant herein, was identified as the defendant therein, all by competent evidence. In this connection, the defendant urges that the proof of certain essential elements of the prior conviction were lacking. It has been held in this jurisdiction that the best method of proving a prior conviction is made, first by offering in evidence the indictment, or information, judgment, sentence, and commitment. Proof of the fact should then be made that the defendant, in the case on trial, is one and the same person as the defendant in the prior conviction relied upon to establish the offense of a second or subsequent conviction. Further proof should be made that the judgment and conviction is final, and not appealed from, or if appealed from, that final disposition has been made of the same, adverse to the defendant. If the defendant's judgment and sentence has been suspended, that fact should be shown. Morse v. State, 63 Okl.Cr. 445, 77 P.2d 757; Spann v. State, 69 Okl.Cr. 369, 103 P.2d 389; Bird v. State, 85 Okl.Cr. 313, 188 P.2d 242. Defendant admits that Exhibits 1, 2, and 3, were admissible per se, but he asserts that there was no proof that the judgment and sentence was a final judgment.

In the case at bar, however, all the latter elements appear circumstantially. The indictment introduced into evidence is not questioned. The conviction therein was on a plea of guilty on the indictment for the burglary of a house, by breaking into and entering. The finding of defendant's guilt by the court was entered thereon on May 13, 1947, without suspension thereof, or objection and exception thereto; and no appeal was perfected therefrom. In the judgment entered on May 13, 1947, it appears that Jimmy Joe Tice was sen-

tenced to confinement in the penitentiary for a term of two years, and he was committed as follows:

"* * * be delivered by the Sheriff of Wichita County, Texas, immediately to the Superintendent of Penitentiaries of the State of Texas, or other person legally authorized to receive such convicts, and the said Jimmy Joe Tice shall be confined in said penitentiaries for a term of Two (2) years in accordance with the provisions of the law governing the penitentiaries of said State. And the said Jimmy Joe Tice is remanded to jail until said Sheriff can obey the directions of this sentence."

The foregoing facts established prima facie, the finality of the judgment and sentence. The defendant offered no evidence to contradict this prima facie showing. To the contrary, his father testified he had personal knowledge of defendant's conviction, sentence, and incarceration in 1947. We are therefore of the opinion that proof of the prior conviction in Wichita County, Texas, of a prior burglary, and its finality, was sufficiently established by circumstantial evidence to fulfill the requirements of the law.

■■■ Next, the defendant contends:

"No competent evidence was presented by the State of Oklahoma to establish that the acts committed in the foreign jurisdiction, and defined as an offense under the laws of the foreign jurisdiction, if committed in the State of Oklahoma at the time they were committed in the foreign jurisdiction, constituted a crime under the laws of the State of Oklahoma punishable by imprisonment in the Penitentiary in the State of Oklahoma."

In support of this contention, defendant concedes such proof of the Texas indictment was properly made, wherein it was alleged, in substance, as follows:

"* * * that Jimmy Joe Tice, hereinafter called defendant on or about the 28th., day of April A.D., 1947 and anterior to the presentment of this indictment, in the County of Wichita and State of Texas, did then and there unlawfully, by force, threats, and fraud, break and enter a house there situated and occupied and controlled by one V. N. Mills hereinafter called owner, without the consent of said owner, then and there with the intent of said defendant fraudulently to take, steal and carry away from and out of said house the corporeal personal property then and there in said house belonging to said owner, * * *."

Thereafter, the State of Oklahoma introduced the finding of the guilt on the defendant's plea of guilty to the foregoing charge, and further introduced the judgment, sentence, and commitment. Defendant does not question the proof of the foregoing proceedings, or the validity of the documents by which it was established. He seeks to sustain this contention, by placing emphasis on the phrase, "by force, threats, and fraud", under which guise he seeks to establish that the statutes of Oklahoma do not define burglary in such terms. He seeks to establish that the charge in Texas was brought under Article 1389 of the Vernon's Ann. Texas Penal Code, reading as follows, to-wit:

"The offense of burglary is constituted by entering a house by force, threats or fraud, at night, or in like manner by entering a house at any time, either day or night, and remaining concealed therein, with the intent in either case of committing a felony or the crime of theft",

while the Attorney General argues the action in Texas was brought under the provisions of Article 1390, Texas Penal Code. Neither of these arguments are controlling, for the reason, we are only concerned in determining whether the Texas conviction meets the requirements of Section 54, T. 21, O.S.1951, reading as follows:

"Every person who has been convicted in any other State, government or country of an offense which, if committed within this State, would be punishable by the laws of this State

by imprisonment in the penitentiary, is punishable for any subsequent crime committed within this State, in the manner prescribed in the last three sections, and to the same extent as if such first conviction had taken place in a court of this State." (That is as a second or subsequent offender with enhanced punishment for such offender.)

Under the provisions of T. 21, § 54, O.S.1951, we are concerned with the sole question, whether the allegations in the indictment in Texas, and the admitted guilt thereof, constitute a felony, punishable by a term in the penitentiary, under the statutes of Oklahoma?.

While we have no specific statutes, such as Article 1389, under the Texas Penal Code, defining burglary, "by force, threats or fraud", we do have our Section 1435, as amended in 1941, O.S.1951, reading as follows:

"Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

It is well to observe that the Texas indictment does not allege burglary by threats and fraud alone, but further alleges that " 'Jimmy Joe Tice did * * * by force * * * break and enter a house * * * occupied and controlled by V. N. Mills * * * with the intent to * * * steal and carry away * * * from said house', certain 'corporeal property * * * belonging to the owner * * *, V. N. Mills', 'with the intent to deprive the said owner, * * * thereof * * *' ", which we believe constitutes sufficient facts to bring the case clearly within our Section 1435, as amended.

It is apparent, the indictment charged burglary by breaking and entering. The gist of the offense of burglary, both in Texas, and in Oklahoma, is the breaking and entering, Livingston v. State, 133 Tex.

Cr.R. 437, 112 S.W.2d 190; Yeager v. State, 82 Okl.Cr. 326, 169 P.2d 579. In the latter case, in Oklahoma, it was held that the breaking necessary to constitute the crime of burglary may be by any act of physical force, however slight, by which obstruction to entering is forceably removed. In Sheehan v. State, 83 Okl.Cr. 41, 172 P. 2d 809, it was held the offense of burglary is complete when the breaking and entering of a building is with the intent to steal. Both the indictment in Texas and the information in Oklahoma, alleged the intent of the breaking and entering was to steal. Proof of the stealing, or admission thereof, would be but an incident of such intent. The attack on the information for failure to allege sufficient facts is without merit, as is the attack on the Texas indictment.

The plea of guilty to the Texas indictment of breaking and entering, constituted an admission that some force was used in effecting the entrance. Such a conclusion is supported by T. 21, § 1435, O.S.1951, and by reliance on Article 1394 of the Texas Code, the latter section reading as follows, to-wit:

"By 'breaking,' as used in this chapter, is meant that the entry must be made with actual force. The slightest force, however, is sufficient to constitute breaking; it may be by lifting the latch of a door that is shut, or by raising a window, the entry at a chimney, or other unusual place, the introduction of the hand or any instrument to draw out the property through an aperture made by the offender for that purpose."

Therefore, it is apparent that if even slight force was used in effecting the entrance under the act, as charged in the Texas indictment, the same would constitute the crime of burglary under the provisions of T. 21, § 1435, O.S.1951. The defendant's plea of guilty does not disclose the amount of force used in making the entry, but it is conclusive on the issue that force was used.

Moreover, when the defendant plead guilty to the indictment, as charged in Texas, he plead guilty not alone to burgla-

ry by threats and fraud, which he now seeks to emphasize to the exclusion of "by force", he did break and enter, but he plead guilty to the indictment as a whole. The allegations, "did then and there, unlawfully, by force * * *, break and enter * * *", negative the idea that entry was made by threats and fraud. Hence, the assertion of the defendant that the use of the words "threats or fraud" patently reveals force was not an essential element of the crime of burglary, as defined by the Texas Statute, has a hollow sound. Moreover, the defendant cannot select that part of the language employed in an indictment, favorable to his contention, under which he was convicted, on a plea of guilty in a foreign State, and assert its invalidity when confronted with a second or subsequent offense, in Oklahoma, and ignore that language which clearly sustains the indictment as the basis for a second and subsequent offense under the provisions of T. 21, § 54, O.S.1951.

We are further of the opinion that upon proof of the Texas indictment, and its admitted authenticity under the provisions of T. 21, § 54, O.S.1951, a judicial question was presented to the trial court, as to the admissibility of said indictment, and as to whether the acts therein alleged, which, if committed in Oklahoma, would constitute a crime punishable by the laws of this State by imprisonment in the penitentiary. It was therefore not error to refuse the defendant's requested instruction to the effect the determination of whether the crime in Texas would be a crime under the laws of Oklahoma, was a question for the jury. The questions of identity, finality, etc., are questions for the jury. It being an admitted fact that the conviction was valid in Texas, the charge must then be measured by Oklahoma's Statutes, to determine if the indictment alleged facts sufficient to constitute the crime of burglary in Oklahoma, for which the defendant could be convicted of a felony, punishable in the penitentiary. This was a question for the Court. The obvious answer, measured by the terms of the provisions of Section 1435, T. 21, O.S.1951, is that the Texas indictment would constitute the basis for the charge of second and subsequent offense under the provisions of T. 21, § 54, O.S. 1951.

The defendant's next proposition is based on the premise that he was jointly charged with one Robert C. Simmons with the commission of the alleged offense herein involved. He petitioned for, and obtained his severance. On Tice's separate trial, the county attorney read the information containing the allegations, not only with reference to Tice, but with reference to Robert C. Simmons, the codefendant, jointly charged with Tice. He too was charged with prior convictions; the details of which were alleged in the information. Jimmie Joe Tice, defendant herein, alleges that it was prejudicial error to read the information to the jury, without deleting the allegations in regard to his codefendant. The reading of the information herein was within the provisions of T. 22, § 831, O.S. 1951, expressly requires that in felony cases, the information, or indictment, be read to the defendant at the commencement of the trial. Objection was interposed, overruled to the reading of the information, and an exception was saved.

We are of the opinion that where severance as to defendants jointly charged has been obtained, good practice might suggest a deletion of all the irrelevant and possibly prejudicial matter, such as allegations in relation to prior convictions of the codefendant not on trial. However, the statute makes no provision for a deletion, but provides the Clerk, or County Attorney must read it, and the statute being such as it is, we cannot hold failure to delete matter concerning the defendant Simmons was error. The deletion of such matter is within the sound judicial discretion of the trial judge, which in the absence of abuse will not be interfered with. We know of no authority so holding, and the defendant cites none. In fact there is a dearth of authority. While not squarely in point with the factual situation in the case at bar; Hunt v. State, Tex.Cr.App., 269 S.W. 2d 385, involved a case where a husband and wife were jointly charged with the same offense, and severance was granted. Therein it was held that the reading of

the information in relation to the wife's participation was not prejudicial error. We are of the opinion that in the case at bar, the failure to delete the irrelevant matter as to the codefendant, Robert C. Simmons, and his prior conviction, under the provisions of T. 22, § 831, O.S.1951, is not reversible error.

▮▮ The defendant further contends that the court committed error in permitting to be introduced in rebuttal, testimony which he contended had already been introduced as part of the State's case in chief. This contention arises out of the fact that the prosecuting witness, Mr. R. C. Cross, testified that he was in his apartment above the beer establishment and heard the noise below, as though someone was breaking in and molesting the premises. He immediately ran down stairs to the front of the building, and on his tiptoes, looked over the painted section of the window where he saw the defendant, Jimmie Joe Tice standing in front of the marble board. He said he could plainly see this man's face. He positively identified the defendant Tice in his evidence in chief, but he did not relate any of the details incident to the defendant's identification, at the police station. On cross-examination the defendant sought to bring out some of the details as a predicate for the defense, but did not explore all of the details. Officer Fuller, who directed the search incident to the arrest, testified in chief for the State, and said he did not remember if Mr. Cross identified the defendant at the police station or not. He said he would not say he did, or he didn't —he did not remember.

To the contrary, the defendant offered witness Burkett, who testified he was with the Lawton Novelty Company. He related that he was at the Lawton police department where he saw Mr. Cross. He testified that Mr. Cross did not identify the defendant, but did identify Robert Simmons, the codefendant, as the boy with the red cap. A Mr. Metz who testified he was a civil service worker at Fort Sill and that he was at the police station the night in question, and that Mr. Cross identified Robert Simmons by saying, "That's the man", but that

he said absolutely nothing when he was confronted with Tice. Furthermore, defendant's father testified that Mr. Cross said two men burglarized his place but he did not know who they were. To overcome this line of evidence, Mr. Cross was called for rebuttal, and he delineated the details of his identification of the defendant, stating in substance that when they took him to the first cell, there were several men in that cell, none of whom he could identify; then they took him to another cell some distance away from that cell, and there were two men in that cell, and one of them was Jimmie Joe Tice, and he stated to the officer, whom he later learned was Mr. Fuller, that "That's the man." It appears obvious that the latter things did take place, or the police would have released the defendant, but the defendant complains that this was a rehash of the evidence brought out in the defendant's case in chief.

On cross-examination, the defendant's counsel explored the matter of the identification at the police station to a limited extent. It is apparent that after Burkett and Metz, and the defendant's father took the witness stand, it became incumbent upon the State to offer Mr. Cross in rebuttal to refute their positive statements, and to delineate the details surrounding the identification at the police station. In addition to doing this, he also positively denied he had any conversation with the defendant's father relative to not knowing either of the burglars. He said he stated in substance to the defendant's father, that he saw his son therein, and that he had related the facts to the officers, and the law would have to take its course. It was not improper for him to detail in rebuttal the facts of his identification of defendant, since the testimony of Burkett, Metz, and Mr. Tice, Sr., related as to details thereof, were at variance with the circumstances of his identification. He was not compelled by law to rely only upon the matters developed on cross-examination of Mr. Cross, and it was proper on rebuttal for the State to clarify disputed points of evidence. It has been so held in Claycomb v. State, 22 Okl.Cr. 315, 211 P. 429, 431, wherein, in

the body of the opinion, the law is stated as follows:

"Portions of this testimony and that of other witnesses called on rebuttal related to matters controverting the testimony given by defendant, dovetailing in with facts that could have been introduced in chief. Rebuttal evidence is proof of facts tending to explain, repel, counteract, or disprove matters given in evidence on the other side. 3 Bouvier's Law Dictionary, p. 2820.

"Evidence tending to clarify a disputed point may be proper rebuttal testimony, notwithstanding the fact that the same testimony might have been introduced in chief. Wigmore on Evidence, § 1873."

Until Mr. Cross testified in rebuttal, the jury only had a garbled version of what transpired at the police station. Furthermore, it was proper for him to refute the testimony of Mr. Tice, Sr., relative to his not being able to identify either of the burglars. It has been repeatedly held that such matters are largely within the sound discretion of the trial court. Spencer v. State, 59 Okl.Cr. 23, 55 P.2d 1049; O'Neal v. State, 55 Okl.Cr. 388, 31 P.2d 886; Pulliam v. State, 61 Okl.Cr. 18, 65 P.2d 426, wherein it was said in Syllabus 3:

"Evidence tending to clarify a disputed point may be properly rebuttal testimony, notwithstanding the fact that the same testimony might have been introduced in chief."

Also Waldrep v. State, 74 Okl.Cr. 438, 127 P.2d 860; Bowman v. State, 82 Okl.Cr. 199, on page 206, 167 P.2d 663, on page 667, wherein it was held:

"In nearly every case, we find evidence introduced as rebuttal which might properly have been introduced in support of the case in chief, but this is not the sole test. The question which arises and is directed to the discretion of the trial court is whether the evidence offered in rebuttal is a rehash of the State's case in chief, or whether it pertains to some material issue which has become important because of effect of evidence introduced on behalf of defendant."

And therein it was further held that such matter is within the discretion of the trial court, but the trial court should not permit the rehashing of the State's testimony under the guise of rebuttal. Under the record herewith presented, we cannot say that the trial court abused its discretion in permitting the introduction of the testimony herein in question.

Finally, the defendant objected to the trial court's Instruction No. 6, on the alleged ground that it stated as a fact, that the court instructed the jury that the defendant had been previously convicted of prior convictions, or offenses. We are of the opinion that this is a strained construction; that while the instruction was erroneous, including the plural of the term "convictions" and of the term "offenses", since only one prior offense was alleged in the information, we do not believe, in light of the court's other instructions, that this defect amounts to more than a technicality. In Instruction No. 9, the trial court overcame this technicality by specifically instructing the jury on the sole conviction in Texas alleged in the information, and requiring the jury to find beyond a reasonable doubt from the evidence, that the defendant was so convicted, and the basis for the second and subsequent offense was therein limited to the one conviction had in Texas.

We are further of the opinion that Instruction No. 6 was substantially correct in that it clearly instructed the jury that they must first find the defendant guilty beyond a reasonable doubt of the offense with which he stood charged in Oklahoma, before they would consider the Texas conviction as the basis of a second and subsequent charge in Oklahoma, and went further and charged the jury that if they entertained a reasonable doubt as to the defendant's guilt of the crime with which he was charged in Oklahoma, it would be their duty to resolve this doubt in his favor, and acquit him of the crime charged; notwithstanding prior and former convictions. Furthermore, in Instruction No. 7, the

court instructed the jury that the evidence of the prior conviction was not to be considered by the jury for any other purpose except for the purpose of fixing punishment. Therefore, looking at the instructions as a whole, we are of the opinion that while probably not model instructions, they were not prejudicial to the defendant's substantial rights. We are of the opinion that the instructions as a whole fairly and correctly state the law applicable to the case, and they are sufficient. Lamb v. State, 70 Okl.Cr. 236, 105 P.2d 799.

The defendant did not testify in his own behalf, and in face of the positive identification by the only person who saw him in the Tavern in the act of committing the burglary, the jury, in light of the defendant's silence, could reach no other conclusion than the defendant was guilty. Notwithstanding the fact he made no denial that he was not the person identified by Mr. Cross, he received the minimum sentence.

The defendant urges other propositions which we deem unnecessary to discuss, because of their lack of substantial merit, and the fact of the defendant's guilt of the crime charged herein, and the proof of the prior conviction. The judgment and sentence herein imposed is accordingly affirmed.

JONES, P. J., and POWELL, J., concur.