Jack WOODS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12590.

Criminal Court of Appeals of Oklahoma.

July 2, 1958.

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Jack Woods defendant below, was charged by information in the District Court of Jackson County, Oklahoma, with the crime of grand larceny (21 O.S. 1951 § 1704) after former conviction of a felony (21 O.S. 1951 §§ 51, 54). He was tried by a jury, convicted, and his punishment fixed at ten years in the state penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The defendant presents three assignments of error, only one of which will be considered here. The information alleges that the defendant was convicted on March 8, 1940, in Marion County, Indiana, of the crime of Second Degree Burglary and Grand Larceny under the name of Jack Rudolph White, and further alleges the defendant was convicted on February 8, 1946, in Wabash County, Illinois, of the crime of Assault with Intent to Commit Robbery, under the name of Jack R. Woods. The record reveals that the County Attorney offered in evidence in support of these allegations a copy of the judgment and sentence in each case. Proof of this matter was sought to be made by handing to the Sheriff of Jackson County a group of papers which he denominated to consist of penitentiary commitments of Illinois and Indiana and certified copies from courts of these jurisdictions (the record does not disclose clearly of what these were copies). Objections to these documents were interposed and sustained by the trial judge. The record does not disclose upon what basis these objections were sustained. The only other proof offered in support of the allegations of prior convictions is to the effect that the defendant admitted to the Sheriff of Jackson County, without being advised of his constitutional rights that any admission he might make might be used against him, that he had sustained prior convictions in Indiana and Illinois, as hereinbefore described. This manner of proof does not meet the requirments of the law and the procedure heretofore outlined by this Court pertaining to the proof of such matters. In Tice v. State, Okl.Cr., 283 P.2d 872, 874, the manner of proof was outlined as follows:

"It has been held in this jurisdiction that the best method of proving a prior conviction is made, first by offering in evidence the indictment, or information, judgment, sentence, and commitment. Proof of the fact should then be made that the defendant, in the case on trial, is one and the same person as the defendant in the prior con-

viction relied upon to establish the offense of a second or subsequent conviction. Further proof should be made that the judgment and conviction is final, and not appealed from, or if appealed from, that final disposition has been made of the same, adverse to the defendant. If the defendant's judgment and sentence has been suspended, that fact should be shown. Morse v. State, 63 Okl.Cr. 445, 77 P.2d 757; Spann v. State, 69 Okl.Cr. 369, 103 P.2d 389; Bird v. State, 85 Okl.Cr. 313, 188 P.2d 242."

Since the judgments herein were foreign judgments, we can only presume that the trial court did not admit the certified copies thereof into evidence for the reason they were not properly authenticated as provided in 12 O.S. 1951 § 485, to-wit:

"Copies of records and proceedings in the courts of a foreign country may be admitted in evidence, upon being authenticated as follows:

"First. By the official attestation of the clerk or officer in whose custody such records are legally kept, and,

"Second. By the certificate of one of the judges or magistrate of such court, that the person so attesting is the clerk or officer legally intrusted with the custody of such records, and that the signature to his attestation is genuine; and,

"Third. By the official certificate of the officer who has the custody of the principal seal of the government under whose authority the court is held, attested by said seal, stating that such court is duly constituted, specifying the general nature of its jurisdiction, and verifying the seal of the court."

No attempt apparently was made to comply with the foregoing provision. It is fundamental that before full faith and credit can be given to a judgment, sentence, commitment, and showing of satisfaction thereof can be admitted into evidence, the same must be duly and properly authenticated, unless, of course, the same are admitted to be true and correct by the defendant, as appears to have been the case in Tice v. State, supra. A conviction as a prior offender cannot be predicated solely upon the testimony of a Sheriff relative to admissions made by an accused, but all the essential steps, as hereinbefore set forth, must be followed. It is apparent that the evidence to sustain the prior conviction is entirely insufficient.

The judgment and sentence is accordingly reversed and remanded for a new trial.

POWELL J., concurs.