**Donald BEAN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13379.**

Court of Criminal Appeals of Oklahoma.

June 3, 1964.

Donald Bean, pro se, plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

This is an appeal filed by the plaintiff in error Donald Bean, who will be referred to hereafter as the defendant, from the District Court of Pottowatomie County. He was charged with the crime of Burglary Second Degree, After A Former Conviction of a Felony; was tried by a jury; found guilty; and sentenced to Thirty (30) years in the state penitentiary at McAlester.

From that judgment and sentence he now perfects his appeal to this Court pro se (although he was represented at his trial by court-appointed counsel), asserting two main contentions of error; the second of which is the most important, and which we will deal with now.

Defendant complains that the prison records introduced in evidence to prove his former convictions were prejudicial and thus the sentence which he received was excessive. It appears from the record that the manner of proving the former convictions consisted of:

1. Introduction of copies of documents (Exhibit #7) kept by the records clerk of the Oklahoma

State Penitentiary and consisting of (a) judgment and sentence, (b) *prison record*, and (c) fingerprint card for each of the seven commitments of convictions.

2. Identification and introduction of a fingerprint card accomplished with the defendant's fingerprints by a police officer qualified as a fingerprint expert, and

3. Testimony by the same police officer fingerprint expert that he had compared the fingerprint card accomplished by him with the fingerprint cards supplied by the records clerk of the penitentiary and that he had determined that all fingerprints were made by the same person.

The main question here is whether this method of proving the former convictions is objectionable or unfair to the defendant?

After a careful examination of the records marked Exhibit #7, this Court is of the opinion that part of it might tend to prejudice the jury's thinking. For example, on the prison record from Haskell County, Case #986, the following appears:

"Transferred from Granite—
Lose all Good Time for Escaping—
Wanted as Parole Violator, Case #2837—
Wanted by Sheriff, Caddo County—
3rd Class—
1st Class—
3rd Class, lose 60 days Good Time—
* * *"

From Pittsburg County, Case #2837:

"Paroled from Granite—
Parole Revoked—
Received as OSP—
Wanted by Sheriff, Caddo County—"

From Haskell County, Case #1381:

" * * * Hold for U.S. Marshal, Muskogee, Oklahoma, for 4 year Federal Sentence to CONCURRENT with State sentence (if released before 6-13-46)—

Escaped from Sub-pen at Stringtown—
Returned from escape from Skiatook—
Hold for Escape (Atoka County)—
Hold for new 5 year case #2489 from Atoka County—
(Escape case Dismissed)
Discharged and rebilled as #46330—"

From Latimer County, case #1475:

"Eighth Term
*  *  *  *  *  *
3rd Class, Isolation—
1st Class—
3rd Class indefinitely (Isolation)—
*  *  *  *  *  *"

Who could look at these entries and not draw a prejudicial conclusion from them?

■ Defendant's previous prison record has no place in these proceedings, and was *clearly inadmissible.*

■ The Habitual Criminal Act, Title 21 O.S.A. § 51, was designed solely for the purpose of enhancing the punishment of those convicted of a felony after having been previously convicted of a penitentiary offense. Providing for increased punishment in such cases was its only purpose.

■ To permit any testimony or evidence *as to the details* of the former convictions, or as in this case, the prison record, tends to place too much inference thereon and tends to further prejudice the defendant.

■■ The information *should not* be a part of this record as it tends to describe the crime in detail. It was said in the case of Ervin v. State, Okl.Cr., 351 P.2d 401:

"Introduction of the information for examination by the jury would serve no purpose but to advise the jury of the details of the crime constituting the former conviction. What would be accomplished to hold inadmissible evidence as to the details, then present to the jury for examination the information which recites all the details

of the former conviction. It would be allowing indirectly that which would be directly prohibited. The information does not prove the conviction but only that a charge was filed. * * * The information is in no manner proof of a former conviction. * * *"

We are not ruling out the method of bringing the prison records clerk, with the judgment and sentence; nor the method herein used of the fingerprint cards as identification. However, we repeat, *The Prison Record Was Inadmissible.*

This Court is in receipt of a letter from the defendant stating that he is guilty of the crime charged, but feels the method used caused the jury to set an excessive sentence.

While we are of the opinion this defendant *was properly tried* under the Habitual Criminal Act, and feel that no trial court in any county of the State could find any verdict but guilty, the prejudice herein inferred should be corrected.

Where there is the possibility that the introduction of the prison record might have affected the jury's determination of the thirty year sentence, but could not have been reason for the guilty verdict; this Court will not reverse the conviction, but in the interest of justice will modify the sentence imposed.

From a careful review of this record, and all the facts and circumstances of the case, it is our opinion that justice would be better served by modifying the sentence from Thirty (30) years to a term of Twelve (12) years in the Oklahoma State Penitentiary, and as so modified, the judgment and sentence of the District Court of Pottowatomie County is affirmed.

JOHNSON, P. J., and BUSSEY, J., concur.

BUSSEY, Judge (specially concurring).

While I am in accord with the conclusion reached by my colleagues, that the Judgment and Sentence rendered in the District Court of Pottowatomie County, should be affirmed and modified, I am of the further opinion that a modification of the Sentence from Thirty (30) Years in the State Penitentiary at McAlester, to a term of Twenty (20) Years imprisonment in the State Penitentiary at McAlester, would best serve the ends of justice.