Billy Lyn **HAUGHEY**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14033.

Court of Criminal Appeals of Oklahoma.

Sept. 4, 1968.

Rehearing Denied Jan. 3, 1969.

Peter B. Bradford, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., Paul Ferguson, Dist. Atty., Tulsa, for defendant in error.

BRETT, Judge.

Plaintiff in error, Billy Lyn Haughey, hereinafter referred to as defendant, was charged by information, in Muskogee County, with burglary second degree, after conviction of a felony. The information was filed in the Muskogee County District Court on September 15, 1965. Defendant entered a plea of not guilty, and on the 25th day of April, 1966, trial was held befor a jury, the Honorable Claude Garrett, Distict Judge, presiding. The prosecution presented eight witnesses and introduced six exhibits. At the conclusion of the prosecution's case, the defendant demurred to the evidence and rested. The jury found the defendant guilty of second degree burglary.

In the second stage proceeding, the jury found the defendant guilty of burglary second degree, after former conviction of a felony and left the punishment to the Court. The Court thereafter, on April 29, 1966, sentenced the defendant to serve a term of 15 years in the state penitentiary. To this judgment and sentence a timely Motion for New Trial was filed and overruled. Subsequently, on May 6, 1966, notice of intention to appeal and request for case-made were timely filed, and this appeal was brought.

The defendant seeks a reversal of the judgment and sentence of the Court due to alleged prejudicial errors in admitting certain testimony and evidence; and because the second stage proceeding did not contain sufficient evidence on which the jury could convict the defendant; and further defendant contends because the trial court erroneously instructed the jury.

The L & H Shoe Store was burglarized on June 26, 1965. Defendant Haughey was positively identified as one of two men seen disappearing into the alley behind the L & H Shoe Store, carrying a tan suitcase moments before the burglary was committed. Defendant, Haughey, and his co-defendant Tommy Jordan Marlow, were captured by police officers running out of the front door of the shoe store. As Haughey was arrested, a screwdriver, which was recovered by the officer, was heard to drop to the pavement.

A tan suitcase was found by officers lying on the floor inside the premises with various tools scattered about. The tools included a pry bar, a punch and drill bits, which were gathered up and placed in the suitcase.

Assistant Chief of Police B. G. Jones, was qualified as an expert witness, after which he testified that he had made a comparison between State's Exhibit #3 (a door striker plate) and State's Exhibit #2

(the screwdriver dropped by defendant Haughey), and found that there was brass on the tip of the screwdriver. He further testified that he personally removed State's Exhibit #4, the wood paneling from the rear door of the premises, and had compared its marks with State's Exhibit #5, the pry bar. His opinion was that "there are tool marks on the wood which compared favorable to the bar itself."

Defendant did not take the stand or introduce any evidence and the jury found him guilty.

Defendant's first proposition makes an attack on the validity of State's Exhibits one through five, but fails to specify wherein the State failed to identify the various exhibits. Nor does defendant offer legal authority to support his contention.

State's Exhibit #1 was the tan suitcase. It was discovered on the floor of the burglarized premises by Police Officer Earl Garrison, and Detective Lepley, both of whom properly identified the suitcase as being the one they found in the store, and testified they placed the other tools found lying nearby in the suitcase. Detective Louis Bradley identified the screwdriver, which dropped out of defendant's pocket when he was arrested, which was introduced as Exhibit #2. As mentioned earlier, Assistant Chief of Police Jones identified exhibits three, four, and five.

The objections made at the time of trial to these exhibits were that the exhibits were incompetent, irrelevant and immaterial, had no connection to this defendant and did not tend to prove or disprove any issue. A separate objection was made to the miscellaneous tools, not specifically assigned as an exhibit, i. e., bits, drill, etc. which were contained in the suitcase.

 In Ragland v. State, Okl.Cr., 404 P.2d 84, this Court said:

"Objects allegedly found at the scene of the crime are admissible after *connection with the crime* by identification, and *lack of positive identification merely affects weight of evidence,* not admissibility." (Emphasis added)

The suitcase and the burglar tools were found inside the premises with the exception of the screwdriver which was found near the defendant at the time of his arrest, and all were sufficiently connected with the crime.

Defendant complains that the "chain of possession" of the State's exhibits was not shown to be continuous. As the Attorney General points out in his brief, the defendant fails to show wherein any prejudice arose thereby. We believe also that the possession of the exhibits was sufficiently shown, and especially in so far as the exhibits were properly identified and connected with this defendant and the crime for which he was charged with having committed.

Defendant's complaint concerning the expert testimony of the assistant chief of police is without merit. The information obtained from the Oklahoma Crime Bureau, which defendant related is hearsay testimony, is merely cumulative in effect and serves to verify Assistant Chief of Police Jones' testimony and opinion, all of which was presented as questions of fact for the jury to resolve. Witness Jones' testimony related, that in his opinion "there are tool marks on the wood which compared favorable to the bar itself".

 Defendant's next proposition concerns the evidence of former convictions, in which he contends such evidence was not sufficient to prove that he had been previously convicted of a felony; and that he was not properly identified as being one and the same person, to whom the former convictions applied.

 As we review the records before the court we find defendant did not object to the introduction of the judgment and sentence of Muskogee County other than to move that the same be stricken from the record on the ground that the court clerk at the time of trial was not the court clerk in 1952, when defendant sustained conviction; and the clerk could not specifically identify the defendant as being the same person. Likewise, there was

no objection to the introduction into evidence of the other judgments and sentences. In accord with Stanford v. State, Okl.Cr., 363 P.2d 515, wherein it was determined that the conviction from the county where the accused resided, with the same name as that of defendant on file, is strong circumstantial evidence that the person is one and the same. We observe that no contradictory evidence was offered to show defendant was not the same person. This Court held in Williams v. State, Okl.Cr., 364 P.2d 702:

"For purposes of proof of former conviction under the Habitual Criminal Act, identity of name of defendant and person previously convicted is prima facie evidence of identity of person, and in absence of rebutting testimony supports a finding of such identity, and upon proof of identity of name, question of identity is for jury upon consideration of all surrounding facts and circumstances, including commonness or unusualness of the name, character of the former crime or crimes, and place of its commission. 21 O.S.1951 § 51."

Likewise, there is no proper showing that said judgments and sentences were not final orders. Therefore, defendant's complaint is without merit.

■ Defendant's last proposition states that the trial court erred in instructing the jury in the second stage proceedings when he instructed that the jury may assess punishment. Title 22 O.S.A. § 926 provides that the jury shall assess punishment upon the request of the defendant. See: Thomas v. State, Okl.Cr., 361 P.2d 1106, where this Court held:

"Trial court could properly instruct jury that it might leave punishment to be assessed by court, where defendant had not requested that punishment be assessed by jury."

The records before the court fail to show that defendant made any such request which would therefore remove the manda-

tory requirement. Consequently, we find the trial court's instruction was proper.

We are therefore of the opinion this case should be, and the same is therefore, affirmed.

BUSSEY, J., concurs.