Beauford **BOURLAND, O.S.P. No. 68100,**
**Plaintiff-In-Error,**

v.

**STATE of Oklahoma, Defend-**
**ant-In-Error.**

**A–14874.**

Court of Criminal Appeals of Oklahoma.

Sept. 18, 1968.

Kenneth Kienzle, Jr., Shawnee, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

Beauford Bourland, O.S.P. #68100, filed his petition on the form provided by this court for writ of habeas corpus, or post conviction appeal, from the state penitentiary.

Petitioner is serving a 30 year sentence upon a conviction for the crime of burglary, second degree, after former conviction of felony.

Petitioner states that he is merely asking for "an equal modification of sentence, as this court awarded Donald Bean in case No. A–13379".

A brief statement of the facts involved in petitioner's case is set forth.

The information, copy of which is attached to the petition, shows petitioner was charged as follows: "while acting together in concert, aiding and abetting Rueben J. Flowers and Donald Bean, did on or about the 11th day of November, 1962, in the night time, break and enter into a certain building located at Asher, Oklahoma", etc.

Petitioner and Donald Bean were both charged with the secondary charge, "after former conviction of a felony", and stood separate trials. Both were convicted and each was sentenced to serve 30 years in the state penitentiary. Donald Bean successfully appealed his conviction to this Court. This Court affirmed Bean's conviction, but modified his sentence from 30 years to 12 years. Bean v. State, Okl.Cr.App., 392 P. 2d, 753.

■ Modification of sentence was granted for the reason that the State improperly introduced Bean's previous prison records to prove the former convictions. In that decision, this Court determined such evidence to be inadmissible and prejudicial to the defendant. The second paragraph of the Court's syllabus in Bean v. State, supra, recites:

"To permit any testimony or evidence as to the details of the former convictions, or as in the instant case, the prison records, tends to place too much inference thereon and tends to further prejudice the defendant."

Petitioner herein alleges that the identical procedures were followed in the conduct of his trial, as were followed in the trial of Donald Bean. Petitioner therefore prays in his post conviction appeal for the same relief Donald Bean received, i. e., modification of his sentence.

The Attorney General filed a demurrer and response to the petition filed herein, which were overruled and the petition was treated as being for post conviction appeal.

Petitioner attached to his petition copies of his motion for new trial, notice of intent to appeal, petitioner's letter to the trial judge asking how he could obtain his casemade, and the trial judge's reply, along with his judgment and sentence and other items. In his reply, the trial judge granted petitioner all the additional time to prepare and settle his casemade as allowed by statute, and recommended that petitioner also file his affidavit for casemade forma pauperis in the trial court, which could then clearly authorize the court to order the casemade at public expense; and he also informed petitioner to file his petition in error in the Court of Criminal Appeals.

On the basis of petitioner's verified petition, this Court entered an order directing the trial court to order the preparation of that portion of the trial record, at State expense, "which went to proof of petitioner's former convictions, and especially any prison records which might have been introduced into evidence to prove the alleged former convictions"; such record was directed to be provided at the earliest practicable time; and to appoint counsel to assist petitioner in his appeal. On the 8th day of March, 1968 the court reporter completed the record and placed it in the hands of petitioner's court appointed counsel. The record is now before this Court for consideration.

■ After considering the record we find that petitioner's allegations are true, and that the prison records pertaining to his former incarcerations were introduced to prove petitioner's former convictions. Therefore, in accordance with Bean v. State, supra, and Baker v. State, Okl.Cr. App., 432 P.2d 935, petitioner is entitled to the relief prayed for.

It is therefore the order of the Court that the sentence imposed upon petitioner, Beauford Bourland, O.S.P. #68100, by the district court of Pottawatomie County on February 13, 1963 in that court's criminal case No. 6021, shall be modified from thirty (30) years to twelve (12) years confinement in the State Penitentiary, and the judgment and sentence as modified is affirmed.

The Warden at the State Penitentiary is directed to have petitioner's prison record corrected in accordance herewith.

NIX, P. J., concurs.

BUSSEY, Judge (specially concurring):

I concur with my colleagues that the judgment and sentence should be modified and affirmed, and differ with them only insofar as my views expressed in the companion case of Bean v. State, Okl.Cr.App., 392 P.2d 753, relating to the modification of the sentence.