Ronald Craig ELLIS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–76–722.

Court of Criminal Appeals of Oklahoma

Jan. 11, 1977.

Joe W. Hamlin, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Alan Foster, Legal Intern., for appellee.

## OPINION

BLISS, Judge:

The Appellant, Ronald Craig Ellis, hereinafter referred to as defendant, was charged with four separate offenses; Driving While Under Suspension; Eluding a Police Officer; Transporting a Loaded Firearm; and Driving While Under the Influence, in the District Court of Comanche County, Case Nos. CRT–75–4931, CRM–75–2455, CRM–75–2456 and CRM–75–2458. All cases were combined for trial before a jury and the defendant represented himself and was without counsel. The jury returned a verdict of "not guilty" on the charge of driving while under suspension and returned guilty verdicts in the other three cases. Punishment was assessed at six (6) months in the county jail and a fine of Five Hundred Dollars ($500.00) in Case No. CRM–75–2455; thirty (30) days in the county jail in Case No. CRM–75–2456; and one (1) year in the county jail and a fine of Five Hundred Dollars ($500.00) in Case No. CRM–75–2458. After judgments and sentences were imposed pursuant to the jury verdicts, the trial court appointed defense counsel to perfect the defendant's requested appeal. A motion for new trial was duly presented and overruled and the defendant has perfected his timely appeal.

Briefly stated the evidence adduced at trial is as follows: Jarrold Lewis, Lawton Police Officer, testified that at approximately 2:25 a. m. on November 14, 1975, he was traveling east in his patrol car on Gore Boulevard in Lawton when he observed a car coming towards him in his eastbound lane. Officer Lewis turned on his red light to try to warn the oncoming driver that he was in the wrong lane. The vehicle did not stop and Lewis turned around and pursued.

Lewis turned on his siren but the car accelerated and went through a red light. At 11th and Gore another police unit entered the chase with red lights activated. The pursuit continued in the eastbound lane at a speed of around "eight, eighty-five miles an hour". At the intersection of 17th and Gore, still another unit with its emergency equipment activated joined in the pursuit. The car was finally stopped in an area around 25th and Gore. Officer Lewis identified the defendant as the driver of the car. (Tr. 39, 40).

Officer Claude Brazzel, testified that at approximately 2:25 a. m. he entered the pursuit of a vehicle at the intersection of 11th and Gore in response to a radio communication from Officer Lewis and after watching the vehicle run the red light at the 11th Street intersection. He stated that the vehicle was traveling at between 55 m. p. h. and 60 m. p. h. and accelerating. Officer Adamson in another unit entered the chase at 17th and Gore and at 22nd and Gore an Oklahoma Highway Patrol unit joined the pursuit. The vehicle was finally stopped by the trooper near 24th and Gore. Officer Brazzel identified the defendant as the driver and stated that in his opinion the defendant "couldn't have stood on his own feet very long without falling, due to the state he was in at the time". He based his opinion on his observation that the defendant's "knees buckled" and he "appeared to be very unsteady."

Officer Bill Adamson testified that at approximately 2:25 a. m. he joined the pursuit and activated his emergency equipment. Instead of responding to the officer's signal the driver accelerated. A highway patrol unit and Adamson stopped the vehicle near 25th and Gore. The driver grasped the steering wheel and refused to let go and Adamson and the trooper had to forcibly remove him from his car. Officer Adamson identified the defendant as the driver and observed that the defendant was unstable on his feet, that there was an odor of alcohol about him, that at one time the defendant almost fell, and that in his opin-

ion the defendant was "extremely intoxicated".

Trooper Mike Kelley of the Oklahoma Highway Patrol testified that when he joined in the chase of the vehicle there was another car going eastbound in the eastbound lane and the driver of that car had to "take to the curb to avoid a collision with the oncoming vehicle". Trooper Kelley managed to stop the vehicle and his partner, Trooper Alexander, assisted by Officer Adamson removed the driver from the vehicle. Kelley observed that the defendant was very unsteady on his feet and had a strong odor of alcohol about his person. Trooper Alexander began to inventory the vehicle and removed two rifles from the locked trunk of the car. Both rifles were magazine loaded and had one round in the chamber.

Trooper Ronald Alexander confirmed Kelley's testimony and observed that the defendant was "very intoxicated". The state then rested and the defendant offered no evidence on his own behalf.

The defendant's first assignment of error urges that the trial court committed reversible error by instructing the jury that they should not consider the defendant's failure to testify as a presumption of guilt since such an instruction constitutes a comment upon the defendant's failure to testify in violation of 22 O.S.1971, § 701. The instruction complained of reads as follows:

"You are further instructed that the fact that the Defendant did not take the witness stand in his own behalf should not be taken into consideration for or against him as the burden is on the State to establish his guilt to your minds beyond a reasonable doubt."

 In *Villiness v. State,* Okl.Cr., 492 P.2d 343 this Court considered a similar instruction and, citing *Russell v. State,* 17 Okl.Cr. 164, 194 P. 242, and *Brannin v. State,* Okl.Cr., 375 P.2d 276, held that such an instruction may constitute reversible error if proper objection is interposed and the error is also raised in the motion for new trial. In the instant case the defendant, after his request for a court appointed attorney had been denied, attempted to act as his own counsel. The instruction was presented to him for examination prior to submission to the jury and he failed to object. However, since there is some question raised by the record as to whether counsel should have been appointed, it is our opinion that failure to object to the instruction in the instant case did not waive the error. It is obvious that the trial court was making every effort to protect the rights of the defendant. However, the submission of the instruction was error which requires reversal in the instant case.

It is therefore our opinion that the judgments and sentences appealed from should be and the same are hereby reversed and the cause is remanded for new trial on the three remaining offenses. At a reasonable time prior to trial the trial court must hold an evidentiary hearing to determine if the defendant's present financial condition requires the appointment of defense counsel. If defense counsel is appointed he should be granted a reasonable amount of time to prepare for trial.

BRETT, P. J., and BUSSEY, J., concur.