**Michael MACK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–407.**

Court of Criminal Appeals of Oklahoma.

March 2, 1982.

Rehearing Denied March 25, 1982.

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Crim. Appellate Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Michael Mack, hereinafter referred to as the defendant, was convicted in the District Court of Tulsa County, Case No. CRF–79–1749, for the offense of Robbery with a Firearm, in violation of 21 O.S.Supp.1980, § 801, After Former Conviction of a Felony. He was sentenced to sixty (60) years' imprisonment, and he appeals.

On June 18, 1979, at approximately 9:20 p. m., the defendant and B.T., a juvenile, were in the parking lot of the Crystal City Shopping Center, and Paula Ruth Perkins was washing her car at a carwash at that location. The defendant and B.T. walked over to Ms. Perkins, where the defendant placed a revolver to her head, and told her to get into the back seat of the car and lie face down. She did as she was told to do, and the defendant and B.T. got into the car and drove around for approximately thirty (30) minutes. They stopped the car on the north side of Tulsa and told Perkins to get out. She got out and they drove away in the car. At no time did Ms. Perkins see the defendant or B.T.

After Ms. Perkins was released she went to the home of Jerry Harmon, who called the police. When the police arrived at the

Harmon residence, Perkins told them what had happened and gave them a description of her car.

Early the following morning, at approximately 1:15 a. m., Tulsa Police Officer Jerry Cleary observed a vehicle which matched the description of Paula Perkins' car. The vehicle pulled into the parking lot of the Soul Brother's Lounge, and the officer followed the car into the parking lot. He observed two people walking toward the lounge, one of whom he identified as the defendant and the other he identified as B.T. The two entered the lounge and came back out immediately. At that time, Officer Cleary took them into custody.

B.T. was taken to the police station where he gave a statement as to what had happened the previous evening. In that statement he told the officers where they could find the gun used in the robbery.

B.T. was sent to the juvenile correction center at Helena, for his part in the crime. He was released after his eighteenth (18th) birthday, which was approximately eight (8) days before the trial of the defendant, and he testified at the trial as a witness for the State.

## I.

In his first assignment of error the defendant urges that the trial court committed fundamental error by failing to instruct the jury that "the jury is not to draw any inference from the fact that the defendant himself has not testified." The defendant contends that such an instruction is required by the United States Constitution, when requested, citing the recent Supreme Court decision of *Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981).

In this jurisdiction the trial court is prohibited from making any mention of the defendant's failure to testify by statute, 22 O.S.1981, § 701. This Court has repeatedly held that to give an instruction on the defendant's failure to testify, such as the one the defendant in this case requested, is reversible error. *Ellis v. State*, 558 P.2d 1191 (Okl.Cr.1977); and *Villines v. State*, 492

P.2d 343 (Okl.Cr.1971). In *Carter*, supra, the Supreme Court stated that:

The freedom of a defendant in a criminal trial to remain silent 'unless he chooses to speak in the unfettered exercise of his own free will' is guaranteed by the Fifth Amendment and made applicable to state criminal proceedings through the Fourteenth. *Malloy v. Hogan*, 378 U.S. [1], at 8, 84 S.Ct. 1489, [at 1493] 12 L.Ed.2d 653. And the Constitution further guarantees that no adverse inferences are to be drawn from the exercise of that privilege. *Griffin v. California*, supra. Just as adverse comment on a defendant's silence 'cuts down on the privilege by making its assertion costly,' *Griffin*, 380 U.S. [609], at 614, 85 S.Ct. 1229, [at 1232] 14 L.Ed.2d 106, 5 Ohio Misc. 127, 32 Ohio Ops.2d 437, the failure to limit the jurors' speculation on the meaning of that silence, when the defendant makes a timely request that a prophylactic instruction be given, exacts an impermissible toll on the full and free exercise of the privilege. Accordingly, we hold that a state trial judge has the constitutional obligation, upon proper request, to minimize the danger that the jury will give evidentiary weight to a defendant's failure to testify.

Although we are bound by the decision of the Supreme Court, they did not hold that the ruling in *Carter* was retroactive, and in light of our previous rulings, we hold that the decision in *Carter*, should be applied prospectively only. See, Annotation 22 L.Ed.2d 821, "United States Supreme Court's Views as to Retroactive Effect of its Own Decisions Announcing New Rules." Accordingly, the defendant's first assignment of error must fail.

## II.

In the defendant's next assignment of error he contends that the State failed to sufficiently corroborate the accomplice's testimony. It is not necessary to detail all the evidence involved. It is sufficient to say that the testimony of the ac-

complice, B.T., was corroborated in many details by other witnesses, including the victim. If there is one material fact that corroborates an accomplice's testimony the jury is free to infer the general truthfulness of the witness. *Roberts v. State*, 571 P.2d 129 (Okl.Cr.1977). Since the law prescribes no standard for strength of corroborating evidence, this Court will view that evidence in the strongest light. *Leppke v. State*, 559 P.2d 459 (Okl.Cr.1977). From an examination of the entire record we are of the opinion that the jury was presented with sufficient evidence to infer that B.T. gave truthful testimony. Therefore, we reject this assignment of error.

### III.

The final contention is that the presentation of the judgment and sentence record of the defendant's previous felony conviction was not sufficient evidence to prove the former conviction. We find this contention to be without merit. In the absence of rebutting evidence the judgment and sentence record alone is sufficient to support a finding that there had been a former conviction. *Tucker v. State*, 620 P.2d 1314 (Okl.Cr.1980).

Although there were numerous other propositions of error, they were not properly preserved for appeal.[1]

For all the reasons above set forth, the judgment and sentence appealed from is AFFIRMED.

1. Proposition three (3) stated that the court committed error in failing to instruct the jury properly concerning accomplice corroboration and accomplice liability.

   Defendant's proposition four (4) contended that fundamental error occurred when the court failed to define the elements of robbery in the instructions to the jury.

   Proposition five (5) was that the jury did not receive clear instructions concerning fear.

   Proposition six (6) stated that the State failed to prove a prior conviction at the preliminary hearing.

   Proposition eight (8) was asserted as error because evidence concerning a dog's actions at the scene of arrest was admitted.

   Proposition nine (9) stated that the prosecutor made improper comments during the punishment stage of the trial which inflamed the jury and caused excessive punishment to be set.

BRETT, P. J., concurs in results.

CORNISH, J., concurs.

Proposition of error ten (10) contended that the court erred in accepting an ambiguous punishment verdict.

Proposition eleven (11) stated that the trial court committed fundamental error in delegating the reading of jury instructions to a bailiff.

Propositions four (4), five (5), and six (6) were not preserved for appeal because no objection to the proposed error was made at trial.

Proposition nine (9) was not preserved for appeal. The defendant did not request that the jury be admonished to disregard the prosecution's comments. *Sallee v. State*, 544 P.2d 902 (Okl.Cr.1975).

Propositions three (3), eight (8), ten (10) and eleven (11) were not presented in the motion for new trial. See, *Hawkins v. State*, 569 P.2d 490 (Okl.Cr.1977).