Carl Dean HILL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–632.

Court of Criminal Appeals of Oklahoma.

July 27, 1982.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Neal Leader, Asst. Atty. Gen., Deputy Chief, Civil Div., for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Carl Dean Hill, appeals from his conviction in the Pottawatomie County District Court, Case No. CRF–79–341. Hill was convicted of Burglary in the Second Degree, After Former Conviction of Two or More Felonies, for which he was sentenced to thirty-five (35) years' imprisonment.

The facts concerning the actual crime are immaterial to this appeal, and therefore will be briefly stated. On August 14, 1979, Richard Elroy, a special agent for the Federal Bureau of Investigation, was informed that his home had been burglarized. Upon Elroy's inspection of his home he discovered that missing were various items including several guns, a television set, jewelry and an F.B.I. file. Elroy then conducted his own investigation of the burglary which led to the appellant's arrest. At trial there was conflicting testimony as to appellant's whereabouts the day of the incident. Hill did not testify in his own behalf and the trial judge did not give, nor did defense counsel request, a special cautionary instruction to the jury in that regard. The jury subsequently found appellant guilty of the primary offense of burglary.

Pursuant to statute, 21 O.S.1981, § 51, the prosecution then proceeded with the enhanced punishment phase of the trial, in which it alleged nineteen (19) prior convictions of appellant. To prove these convictions the prosecution entered, over defense counsel's objection, portions of appellant's prison record into evidence. The jury returned a verdict against appellant in the enhanced stage of trial along with the thirty-five (35) year sentence.

Appellant argues as his first assignment of error that his fifth amendment right against self-incrimination was violated. This he contends by virtue of the trial judge's failure to give a "special cautionary" instruction to the jury regarding his decision not to testify in his own behalf. The defense admits it made no request for such an instruction, nor did it make any objection to the instructions proffered by the trial judge. It is contended that the recent Supreme Court case of *Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981), requires the trial judge to issue a cautionary instruction when the accused does not testify in his own behalf. Appellant's contention is without merit. *Carter* stands for the proposition that the trial judge must issue such an instruction *only when a timely request is made* to do so, as this Court noted in *King v. State*, 640 P.2d 983 (Okl.Cr.App.1982). Appellant made no request and may not now complain for the absence of the instruction.

Because we hold that cautionary instructions are not to be given unless requested, we need not address appellant's argument that the *Carter* decision be applied retroactively. This Court, however, recently held in *Mack v. State*, 641 P.2d 1122 (Okl.Cr.App. 1982), that "the decision in *Carter*, should be applied prospectively only." 641 P.2d at 1124. For the foregoing reasons, appellant's first assignment of error fails.

Appellant alleges as his second proposition of error that admission of certain portions of his penitentiary records, to prove a former conviction under Oklahoma's Habitual Criminal Act, 21 O.S.1981, § 51, was prejudicial. Specifically complained of is the admission of appellant's "pen pack." This packet contained a certificate signed on behalf of the Secretary of

State; five prison photographs with prison numbers; three sets of fingerprints; and nineteen (19) judgments and sentences of felony convictions, the latter of which appellant makes no objection to and therefore will not be discussed. From the outset of the Court's discussion of "pen packs," we note that the trial judge must use the utmost caution in admitting portions of a prison record, including fingerprints and photographs, because of the possible prejudice that may result. However, for the reasons stated herein, we find that the appellant was not prejudiced by the admission of his prison records in this case.

Appellant makes no specific objection regarding the certification, only that it somehow prejudiced him. The Secretary of State's certificate was merely to authenticate the signature of the Director of Central Records of the Department of Corrections. The presence of the certificate alone, without more, is not prejudicial. Moreover, this Court requires such certification in cases where foreign judgments are utilized to prove a former conviction. *Woods v. State*, 327 P.2d 720 (Okl.Cr.App.1958). Therefore, this Court finds appellant's argument without merit.

■ Next, with regard to the prison photographs and fingerprints, appellant again does not indicate how he was injured by the admission thereof, only that he was. The purpose for the evidence was to prove identity of the appellant with regard to former convictions of a felony in the enhancement phase of the trial. 21 O.S.1981, § 51. The method of proving former convictions was discussed in *Tice v. State*, 283 P.2d 872 (Okl.Cr.App.1955).

It has been held in this jurisdiction that the best method of proving a prior conviction is made first by offering in evidence the indictment, or information, judgment, sentence, and commitment. Proof of the fact should be made that the defendant, in the case on trial, is one and the same person as the defendant in the prior conviction relied upon to establish the offense of a second or subsequent conviction. *Tice*, supra, at 874.

This Court has held that identity of name of defendant and person previously convicted is prima facie evidence of identity. *Haughey v. State*, 447 P.2d 1019 (Okl.Cr.App. 1969). This Court has not held, however, that the prosecution must end its proof with evidence of identity of names. The prosecution must decide whether, in its judgment, it has submitted sufficient evidence to find the defendant guilty of a felony after a former conviction. Whether the prosecution has established the accused identity with person previously convicted is one of fact for the jury. *Williams v. State*, 364 P.2d 702 (Okl.Cr.App.1961). The prosecution, in discharging its burden, however, may not prejudice the defendant.

In *Bean v. State*, 392 P.2d 753 (Okl.Cr. App.1964), this Court found admission of a prison record that detailed various prison activities prejudicial. The record there included information of escape, parole revocation and placement in isolation and therefore went well beyond that which is necessary to sustain the prosecution's burden. In the case at bar, nothing was admitted into evidence from the prison records except fingerprint cards and the photographs. In *Bean*, this Court noted that "[w]e are not ruling out ... the method herein used of the fingerprint cards as identification." 392 P.2d at 756. Therefore, this Court finds this an acceptable method of proving identification and finds no prejudice to the appellant.

In regard to the prison photographs, this Court finds nothing prejudicial nor improper in their submission to the jury. This Court has allowed admission of prison photographs into evidence at the enhancement stage of trial on the issue of identity. *Farrar v. State*, 505 P.2d 1355 (Okl.Cr.App. 1973); *Walls v. State*, 491 P.2d 320 (Okl.Cr. App.1971). Appellant, however, relies on *Flowers v. State*, 478 P.2d 962 (Okl.Cr.App. 1970), in asserting that the photographs are inadmissible. In that case, this Court stated that the prison records of the defendant "with picture attached showing a 'four time loser,' and statistics, ..." were inadmissible and prejudicial to the defendant's cause.

*Flowers,* supra, at 962. In the present case, the photographs were submitted without statistics nor comment and therefore were without prejudice.

Appellant asserts as his third assignment of error that the trial court erroneously admitted evidence of former convictions without proof that he had been represented by counsel. The record indicates that appellant had nineteen (19) prior convictions entered into evidence against him at the enhancement stage of trial. Appellant objects to six (6) as not indicating that he had been represented by counsel. This Court has held, in accordance with the Supreme Court pronouncement in *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), that only prior convictions made with the assistance of counsel or after a knowing and intelligent waiver thereof, may be used as evidence of a prior conviction. *Baeza v. State,* 478 P.2d 903 (Okl.Cr. App.1971).

There being nothing in the record to indicate that the appellant had been represented by counsel, or waived his right thereto, the six (6) convictions complained of must be stricken. The question therefore becomes whether or not the appellant was prejudiced by the inclusion of the six (6) convictions so as to require a modification of his sentence. Because there were nineteen prior convictions, of which only six were constitutionally infirm, leaving thirteen (13) prior convictions properly admitted, we find the effect on the appellant was merely cumulative and does not require modification of sentence.

Finally, appellant asserts that the enhanced sentencing statute under which he was sentenced, 21 O.S.1981, § 51(B), is unconstitutional. Appellant relies upon Article 5, § 57, of the Oklahoma Constitution which prohibits legislative acts from containing more than one subject.[1] The enhanced punishment statute was originally enacted as part of a bill passed in 1978 (H.B.1753). Also included in the bill was a provision that created a bond schedule for certain traffic offenses. Thus, appellant challenges the inclusion of the two measures in a single act as violating the "one subject" requirement. This Court recently rejected this precise challenge in *King v. State,* 640 P.2d 983 (Okl.Cr.App.1982). A re-examination of the *King* decision reveals no reason to depart from that ruling in the present case and we reaffirm that holding today. Appellant's assignment of error is therefore denied.

The judgment and sentence appealed from is AFFIRMED.

BUSSEY, J., specially concurs.

CORNISH, J., concurs.

BUSSEY, J., specially concurring:

While I concur in the affirmance of the conviction, I wish only to observe that this opinion should not be construed as holding that the six (6) prior convictions were invalid. An attack on those convictions must be made in the district court wherein the judgments and sentences were rendered, where the question of whether or not the defendant was represented by counsel or had effectively waived the same may be resolved based on the entire Court record in each proceeding.

---

1. Article 5, § 57, provides in part that "every act of the legislature shall embrace but one subject, which shall be clearly expressed in its title . . ."