KELSIE MORRISON v. STATE.

No. A-5909. Opinion Filed July 30, 1927.
(258 Pac. 1050.)

J. C. Cornett, J. A. Tillotson, and G. B. Sturgell, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Osage county on a charge of shooting at another with intent to kill and was sentenced to serve a term of 9 years in the state penitentiary.

The record shows that on the day charged, W. W. Thomasson, who was a special officer of the United States, had started from Fairfax to Pawhuska with some federal prisoners. Another car collided with the car he was driving and the prisoners were sent in by another officer, while Thomasson remained with the car until a service car came. He was working on the car when defendant approached from the rear, with a handkerchief tied over his face, covered Thomasson with a pistol and required him to put his hands up, disarmed him, and about this time another car drove up and defendant covered the driver with a pistol, upon which Thomasson leaped for the pistol which had been taken from him and was lying near by on the ground. A fusillade followed, Thomasson firing seven shots and defendant four.

At the time of arraignment defendant had counsel, but for some reason at the final trial he appeared without counsel and conducted his own defense. As a result none of the alleged errors argued have been properly preserved by exceptions or objections. It has been many times held by this court that errors, to which no exceptions are taken, will not be considered on appeal unless they are jurisdictional or of a fundamental character. Where a jurisdictional question is shown, it is

not waived and may be raised at any time before or after trial, and even for the first time in the appellate court or by habeas corpus.

Fundamental error is error which goes to the foundation of the case, or which takes from a defendant a right essential to his defense. Where it appears and justice requires, this court will consider it whether or not exceptions are taken in the court below or whether or not it be assigned as error on appeal. There is no jurisdictional or fundamental question presented by the record here. Errors other than those which are jurisdictional or fundamental in character not objected to nor excepted to, nor presented in the motion for a new trial, are considered waived. This rule is so well settled we cite no authorities in support of it. The appellate court indulges a presumption that, if such error had been called to the attention of the lower court by objection at the time and in the motion for a new trial, the lower court would have corrected the error. This rule obtains whether the defense of an accused is by counsel or he conducts his own defense.

Out of considerable experience, the writer of this opinion is convinced that the most difficult trial for a presiding judge is a criminal case in which an accused conducts his own defense. A defendant in such case generally has no conception of the orderly proceedings of a trial, the rules of evidence, nor the proper manner to interrogate a witness. To prevent a defendant being prejudiced by this lack of knowledge, the trial court must give him a wide latitude or assist him in his defense. The trial judge in this case was, with a single exception, more than fair to defendant. He permitted him in questioning the witnesses to lead and argue with them, and in his argument to the jury to go entirely outside the record and state facts and conclusions which were in their nature the testimony of the defendant, who

had not taken the stand as a witness. The trial court, however, committed error at one point in threatening to send defendant to jail for misconduct in contradicting and arguing with a witness.

Under the undisputed evidence, however, the offense charged was clearly proved, and there is no miscarriage of justice.

The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.