**Jerry MAYS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–929.**

Court of Criminal Appeals of Oklahoma.

April 11, 1979.

---

Ronald H. Mook, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Charles S. Rogers, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

Appellant, Jerry Mays, was charged with the offense of Shooting With Intent to Kill and convicted by a Tulsa County jury of the lesser included offense of Assault and Battery With Intent to Injure. Punishment was assessed at two and one-half (2½) years to five (5) years in the State penitentiary.

■ The issue which is dispositive of this appeal is whether plea negotiations involving a prosecutor, an accomplice and the accomplice's attorney (whereby an accomplice is promised leniency in return for his testimony are privileged on the ground of an attorney/client relationship.

At the appellant's trial his alleged accomplice, Jerry McCorkle, testified against him. On cross-examination, the defense counsel attempted to question McCorkle about any possible bargain between McCorkle's attorney and the prosecutor, pursuant to which McCorkle would receive leniency in return for his testimony for the State. But the prosecutor objected to the question on the ground that it constituted a privileged communication between the accomplice and his attorney and gave the witness the opportunity to decline to answer the question. To this, the witness claimed the privilege and refused to answer. The trial court sustained the objection. We reverse.

■ In *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), a key witness for the state in a murder trial falsely denied having received any promise of consideration in exchange for his testimony. The prosecuting attorney, who had promised to help the man, made no effort to correct the testimony. The United States Supreme Court found that the defendant had been denied due process of law under the Fourteenth Amendment:

"The principle that a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction, implicit in any concept of ordered liberty, does not cease to apply merely because the false testimony goes only to

the credibility of the witness. The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend. . . ." (Citation omitted) 360 U.S. at 269, 79 S.Ct. at 1177.

See also *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and *DeMarco v. United States*, 415 U.S. 449, 94 S.Ct. 1185, 39 L.Ed.2d 501 (1974).

In *Runnels v. State*, Okl.Cr., 562 P.2d 932 (1977), we discussed *Napue* and other Supreme Court cases and suggested that a three-part test could be applied to determine whether there had been a denial of due process: First, that a key portion of the State's case was presented with information affecting its credibility intentionally concealed; second, that the prosecution knew or had reason to know of the concealment and failed to bring it to the attention of the trial court; and, third, that the trier of fact was prevented from properly evaluating the case against the defendant, as a result of the concealment.

In the instant case, there was no false representation as to bargains or leniency, but nevertheless the District Attorney was instrumental in preventing the information from being placed before the trier of fact. And the information could have had a profound effect upon the jury's evaluation of the witness' credibility, since it was brought out at trial that McCorkle was a co-defendant charged with the same offense.

In *Henry v. State*, 6 Okl.Cr. 430, 119 P. 278 (1911), this Court made the following statement in discussing the right of cross-examination:

"[A]nything which tends to show bias or prejudice on the part of the witness or anything which shows his friendship or enmity toward either of the parties is commonly a proper subject of inquiry; so, also is *anything which tends to show that in the circumstances in which he is placed he has a strong temptation to swear falsely.* . . ." (Emphasis added)

We have repeatedly cited this language with approval. See, for instance, *Williams v. State*, 92 Okl.Cr. 70, 220 P.2d 836 (1950), and *Wells v. State*, Okl.Cr., 559 P.2d 445 (1977).

We also find highly persuasive cases of similar import from other jurisdictions, such as *Robinson v. State*, Tex.Cr.App., 550 S.W.2d 54 (1977). There, the Court dealt with a factual situation similar in principle to the one in the case at bar and said:

"It has been stated many times that great latitude should be allowed a defendant in showing any fact which would establish bias, motive or ill feeling on the part of any witness for the State. See *Evans v. State*, Tex.Cr.App., 519 S.W.2d 868. This includes examining an accomplice witness who is testifying for the State in regard to any recommendations for probation or promises not to prosecute. See *Burkhalter v. State*, Tex.Cr. App., 493 S.W.2d 214; *Stephens v. State*, Tex.Cr.App., 522 S.W.2d 924."

Other cases state that cross-examination of a witness to show possible bias because of a promise of leniency in return for testimony is permissible only when the witness is under indictment for the same crime as, or crime growing out of, or closely related to the offense for which the defendant is being tried. See *Comm. v. Warren*, 250 Pa. Super. 522, 378 A.2d 1271 (1977).

It is important to note that an accomplice is not a client of a prosecutor. For that reason, early cases from other jurisdictions held that such communications between a prosecutor and an accomplice were not privileged. See *Needham v. State*, 90 Tex.Cr.R. 86, 233 S.W. 966 (1921), and *Vacalis v. State*, 204 Ala. 345, 86 So. 92 (1920).

We think that based on the foregoing cases, we have no choice but to remand this case for a new trial. If the alleged accomplice had in fact made a bargain with the District Attorney, the knowledge of that bargain was vital to the jury for a proper evaluation of the weight and credibility to be given to his testimony. Public policy in our view, demands full disclosure to the jury of the terms of such bargain.

For the above and foregoing reasons, the judgment and sentence is *REVERSED* and *REMANDED* to the District Court for a new trial.

As this issue is dispositive of the cause, we do not find it necessary to address the remaining grounds urged for reversal and we so limit the scope of this opinion.

BRETT and BUSSEY, JJ., concur.