**Jimmy Lee COLE, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–796.**

Court of Criminal Appeals of Oklahoma.

May 20, 1982.

---

Stephen A. Lamirand, Special Counsel, Appellate Public Defender Project, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant, Jimmy Lee Cole, Jr., was convicted of Unlawful Delivery of Marijuana, After Former Conviction of Two Felonies in Tulsa County District Court, Case No. CRF–80–611, and received a sentence of twenty-one (21) years' imprisonment. The conviction stemmed from the sale by the appellant of a small quantity of marijuana to two police officers.

### I

The appellant initially challenges the trial court's admission of other crimes evidence without instructing the jury as to its limit-

ed purpose. He argues that the failure to deliver such an instruction necessitates reversal under *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979).

At the outset, we note the appellant does not argue that the contested evidence was improperly admitted. Such an argument would be futile in view of the lack of objection to the admission of the evidence. *Burks v. State*, supra, at 775. Nor does the appellant contest the fact that he made no objection to the trial court's proposed instructions. Rather, he contends that the failure to deliver a limiting instruction constituted fundamental error and requires reversal despite the absence of an objection.

█ The contested evidence of other crimes was admitted unceremoniously and without recognition by any of the parties of its allegedly prejudicial nature. Only through a careful reading of the remarks is inference of other crimes apparent. For example, the appellant contends that his comment to two police officers that the marijuana had been grown in his bedroom was improperly admitted since it established the crimes of cultivation of marijuana and possession of marijuana. Similarly, the appellant's comment that he might be able to take the police officers to a place where they could purchase fifteen pounds of marijuana is argued to constitute evidence of conspiracy to distribute marijuana. While these comments may tend to establish such crimes, the inference was subtle and resulted in minimal prejudice to the appellant. Accordingly, since the contested evidence created only a subtle inference of other crimes which was not called to the trial court's attention, we hold that the failure to instruct as required by *Burks* was not fundamental and was waived by the appellant's failure to object or to request such an instruction.

█ The appellant also contends that the testimony relating to the appellant's other crimes, along with other remarks of the state's witnesses, constitute evidentiary harpoons requiring reversal of his conviction. Whether the remarks are characterized as evidence of other crimes or as evidentiary harpoons does not alter the fact that they were not contested at trial. Absent an objection to such remarks, any error resulting from their admission is waived and may not be raised for the first time on appeal. *Bruner v. State*, 612 P.2d 1375 (Okl.Cr. 1980).

Moreover, a careful examination of the contested remarks convinces us of their harmlessness. The comments cited by the appellant pertain to his tattoo and to the fact that the neighborhood in which he lived was in an area of continuing investigation by the police. While of questionable relevance to issues at trial, these comments do not appear to be so prejudicial as to constitute fundamental error. Therefore, in view of the appellant's failure to object to the challenged remarks, we hold that any error which occurred was waived.

## II

The appellant next contends the trial court erred in its failure to instruct the jury that they may not consider his failure to testify as evidence of his guilt. Relying on *Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981), the appellant argues that despite his failure to make a timely request, the failure to give such an instruction is fundamental error.

█ The appellant's reliance on *Carter* is misplaced. The instruction required under *Carter* was not mandated for every case in which the accused fails to testify. To the contrary the Supreme Court's holding negates such a conclusion:

> ... the failure to limit the jurors' speculation on the meaning of that silence, *when the defendant makes a timely request* that a prophylactic instruction be given, exacts an impermissible toll on the full and free exercise of the privilege. Accordingly, we hold that a state trial judge has the constitutional obligation, *upon proper request* to minimize the danger that the jury will give evidentiary weight to a defendant's failure to testify. 450 U.S. at 305, 101 S.Ct. at 1121–1122, 67 L.Ed.2d at 254. (Emphasis added).

Conditioned as it is on a timely request by the accused, we do not believe the *Carter* decision required the delivery of a cautionary instruction where, as here, no such request is made. Therefore, no error occurred in the trial court's failure to deliver a cautionary instruction.

■ Moreover, even if a request had been properly made, reversal of the instant case would not be required since the appellant's trial occurred prior to the decision in *Carter*. In *Mack v. State*, 641 P.2d 1122, (Okl.Cr.1982) this Court held that the *Carter* decision would be accorded only prospective effect. We decline to depart from this determination.

Accordingly, no error occurred in the trial judge's failure to instruct the jury not to consider the appellant's failure to testify.

### III

■ Finally, the appellant alleges that 21 O.S.Supp.1979, § 51(B), which imposes a minimum twenty year sentence for second and subsequent offenders, is violative of article V, § 57 of the Oklahoma Constitution. Since it was enacted in a bill which also establishes a bond schedule for traffic offenses, the appellant urges that the requirement of single purpose legislation in § 57 was breached.

In *King v. State*, 640 P.2d 983, (Okl.Cr. 1982) we held that the enhanced penalty statute and the traffic violations statute both related to the general subject of crimes and punishments. Therefore, article V, § 57, of the Oklahoma Constitution was not violated by the inclusion of these two sections in the same bill.

Accordingly, since any errors which occurred at trial were not preserved for review and since we fail to perceive a violation of a substantial right in the appellant's trial, the judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

BRETT, P. J., specially concurs.

BRETT, Presiding Judge, specially concurring:

Although the opinion states that the appellant does not argue that the evidence of other crimes was improperly admitted, that is the exact issue he raises in his third proposition. And, although the opinion states that such an argument would be futile because he did not object, that is not a statement with which I can concur. Rather, I would say that unobjected to evidence of other crimes needs to be examined by this Court, and that we must balance the capacity of the erroneous evidence to prejudice against the weight of the properly admitted evidence of guilt. Furthermore, the opinion declares that the evidence of other crimes is only apparent by a careful reading of the remarks. I cannot agree that the evidence of the appellant's alleged past, present, and future crimes is quite that slight, but I can agree with the result. I have carefully examined this unobjected to evidence and agree with the opinion that the error was harmless.