Benjamin William SCOTT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-81-495.

Court of Criminal Appeals of Oklahoma.

May 11, 1983.

Steven Holden, Asst. Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Gloyd McCoy, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BRETT, Judge:

The appellant, Benjamin William Scott, was convicted by jury of Attempted Burglary in the First Degree, After Former Conviction of Two or More Felonies, in Tulsa County District Court Case No. CRF–80–3246. He was sentenced to a term of 65 years' imprisonment.

A summary of the trial testimony reveals that Sherry Stallings looked out her second story bathroom window at approximately 11:00 p.m. on September 16, 1980, and noticed a man standing in her backyard. He was dressed in dark clothes and wore a toboggin hat. Ms. Stallings called Sergeant Jordan of the Tulsa Police Department to report the man, but when she looked outside again the man was gone. Several minutes later she heard what sounded like somebody opening and shutting her screen door and messing with the door directly leading into her apartment. As she started up the stairs in her apartment, a car door slammed and she heard voices outside. She went outside and discovered the appellant face down on the ground with Officer Jordan standing over him. When Ms. Stalling examined the exterior of her apartment she found pry marks on her door and window screen screws backed out of the holes.

Officer Jordan testified that after he arrived at Ms. Stallings apartment and knocked on her door, he heard a noise which sounded like someone hitting a chain link fence. He saw the appellant walking from the area of a window of the apartment and yelled for him to stop. Officer Jordan noticed a bulge resembling a weapon in the appellant's pants, pulled his gun, and again ordered the appellant to stop. When he stopped, Officer Jordan reached into the appellant's waistband and took out a pistol. Also found in the appellant's possession was a flashlight and a screwdriver.

In his initial two assignments of error it is claimed by the appellant that improper evidence of other crimes was admitted at trial over his objection. Specifically, he asserts that testimony of the gun discovered upon his arrest should not have been admitted since it was evidence of another crime, prejudicial, and the State failed to follow the guidelines of *Burks v. State,* 594 P.2d 771 (Okl.Cr.1970), in introducing the evidence.

■ There are five generally recognized exceptions to the rule disallowing other crimes evidence at trial: motive, intent, absence of mistake or accident, identity or a common scheme or plan. *Atnip v. State,* 564 P.2d 660 (Okl.Cr.1977). A concealed gun found in the possession of burglary suspect or one accused of attempted burglary is admissible at trial under the intent exception as indicative of the intent required to prove the crime of burglary. *Wright v. State,* 617 P.2d 1354 (Okl.Cr. 1979).

■ Normally, the State has a duty under the *Burks* decision to provide notice to the appellant of its intention to introduce other crimes evidence at trial. *Burks, supra* at 774. The purpose of this duty is to insure against surprise on the part of the defense and to allow time for the defense to be heard prior to the information being placed before the jury. Under the circumstances of this case, this Court is not convinced that the evidence surprised the appellant. The gun was discovered at a point that could properly be described as within the entire transaction surrounding the attempted burglary. *Bruner v. State,* 612 P.2d 1375 (Okl.Cr.1980). When another crime so closely related in time to the offense charged is entered into evidence at trial, the element of surprise is not present and the purpose behind the notice requirement is not served. Thus, we find no error resulted when the State failed to provide notice to the appellant.

■ A requirement was enunciated by this Court in *Burks,* that a limiting instruction must be delivered to the jury as to the use of testimony concerning other crimes at the time the evidence is received and in the final instructions to the jury. *Burks, supra* at 775. A search of the record discloses that no such instruction was delivered to the jury regarding the concealed gun. It has been this Court's consistent opinion that when one is put on trial, one is to be convicted, if at all, by evidence which shows one guilty of the offense charged. The jury should have been instructed on the limited use of the evidence of the gun. However, no such instruction was requested in writing and submitted to the trial judge. *Ramsey v. State,* 558 P.2d 1179 (Okl.Cr.1977). In the absence of such a written request,

the contention that the trial court erred in instructing the jury cannot be urged on appeal. This Court has examined the trial court's failure to instruct on that point of law for fundamental error and finding none concludes that this assignment of error is without merit.

The appellant's contention that his arrest was illegal because there was no probable cause on which to base his arrest is also meritless. To determine whether there is probable cause, the court must look at the facts and circumstances within the knowledge of the arresting officer at the time of arrest to determine whether he had reasonably trustworthy information sufficient to warrant the belief of a prudent person that the arrestee had committed or was committing a felony. *Mills v. State*, 594 P.2d 374 (Okl.Cr.1979) and 22 O.S.1981, § 196.

In the case at bar, the officer arrested the appellant only after he was summoned to investigate a report of a late night prowler and noticed the appellant walking away from the area of a window with something concealed inside his pants, which was thought by the officer to be a weapon. Under these circumstances, probable cause existed to arrest the appellant.

In his final assignment of error the appellant contends there was insufficient evidence on which to base a conviction for attempted burglary. We disagree. Testimony indicated that the appellant was dressed the same as the man Ms. Stallings saw outside her apartment. Also, a screwdriver and flashlight were found in the appellant's possession. Pry marks were discovered on the apartment door and the screws for the window screen were backed out of the holes.

Evidence was presented on each element of the crime thereby making it proper to submit the case to the jury for determination. Although the evidence was circumstantial, a conviction may be based upon such evidence when it is inconsistent with any reasonable hypothesis other than guilt. *Hager v. State*, 612 P.2d 1369 (Okl.Cr.1980). In the present case the evidence satisfies that rule.

The judgment and sentence is AFFIRMED.

CORNISH, J., concurs.

BUSSEY, P.J., concurs in results.