**Robin Dubois LOFTON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–115.**

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1984.

Rehearing Denied Jan. 4, 1985.

**630**

Allen D. Gray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen. of Oklahoma, Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

On appeal from his conviction by a jury of Murder in the Second Degree, Case No. CRF–82–2930, and sentence of thirty-five (35) years imprisonment from the District Court of Oklahoma County, Oklahoma, the appellant, Robin DuBois Lofton, raises five assignments of error.

On June 13, 1982, appellant's neighbor summoned police to appellant's apartment because she heard the defendant loudly chastizing a child and a "bumping" sound each time the child would cry. The "bumping" sound, she said, was the sound of someone striking the child or slamming the child against something. Two other neighbors also heard this, and one went to appellant's apartment to inquire. When the ap-

pellant came to the door, he was not wearing a shirt, and his body was covered with sweat. He told the neighbor he would discipline the boy as he saw fit. The neighbors all testified they had heard similar episodes on previous occasions.

When the police arrived, they found appellant's two and one-half year old stepson, Courtney, unconscious on the bed. They observed bruises over the boy's entire body and rope-type burns on his wrists and ankles. They administered C.P.R., as did the medical technicians who arrived later, but they could not revive the boy. He was taken to Childrens' Hospital in Oklahoma City, where he died within an hour. The medical examiner testified that the cause of death was a blunt force injury to the abdomen which severed Courtney's liver eighty percent of the way through, almost cutting it into two pieces.

Appellant's wife, Michelle Lofton,[1] testified that the beating that caused the child's death was punishment for wetting on himself, and for taking a piece of cornbread (he was being punished that day by being denied food). She also stated that appellant had beaten the child on previous occasions.

Appellant, an ordained minister, testified that he had held the child in his arms and gently spanked him. When the boy squirmed out of his arms and fell against a chair, he did not appear hurt by the fall. He also testified, as did members of his family, that in the short time he had been married to his wife, he had found Courtney to be a "problem" child, and that his wife neglected and abused the boy.

## I.

In appellant's first, third and fourth assignments of error, he alleges that evidence of other crimes, i.e. previous beatings of the child, were introduced in violation of the procedures promulgated by this Court in *Burks v. State,* 594 P.2d 771 (Okl. Cr.1979). He claims that the prosecutor's notice was insufficient, because he failed to

1. Michelle Lofton later pled guilty to Murder in the Second Degree in connection with the same incident, and was given a five year suspended sentence.

state which exception to the rule barring evidence of other crimes was to be invoked. This has no merit.

Notice was served on appellant two months prior to trial, and while no record has been made of that notice, even the version rendered in appellant's brief is particular enough to meet the requirements of *Burks*. Further, the prosecutor, during the argument on pre-trial motions, stated the evidence was being used to show a "lack of mistake on the Defendant's part, and a common scheme and design."

■ Appellant further complains the trial judge neither admonished the jury nor instructed them in his closing instructions as to the limited use to be made of the "other crimes" evidence. However, no such admonishment or instruction was requested by appellant at trial. Therefore, error cannot be urged on appeal. *Scott v. State,* 663 P.2d 17 (Okl.Cr.1983).

### II.

■ Appellant claims in his second assignment of error that the trial court erred in failing to give a cautionary instruction on eyewitness identification like the one we recently approved in *McDoullett v. State,* 55 O.B.A.J. 1646 (Okl.Cr. July 31, 1984). We note that appellant failed to request such an instruction, and therefore cannot complain of the failure to give it on appeal since there was not a substantial violation of his rights. *Cole v. State,* 646 P.2d 1298 (Okl.Cr.1982).

■ Furthermore, we fail to find even a remote basis for requesting such an instruction. There were no eyewitnesses to the beating of the child outside of appellant's wife. The neighbors only heard the sounds of the beating. Thus, there were no eyewitness identifications about which to give an instruction. Clearly, there can be no issue as to a wife's identification of her husband being questionable in this situation. This assignment of error has no merit.

### III.

■ Finally, in his fifth assignment of error, appellant contends that the state withheld exculpatory information in violation of *Brady v. Maryland* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); namely, prior inconsistent statements by Michelle Lofton and evidence of a "deal" between the prosecutor and Mrs. Lofton for her testimony.

Appellant makes no showing that prosecutors had any prior inconsistent statements by Mrs. Lofton. In fact, all the inconsistencies in her testimony were brought out by appellant in cross-examination and by impeachment witnesses.

Appellant also claims that the fact that Michelle Lofton got such a light sentence for her part in her son's death indicates a "deal" was made. He offers no evidence to support this assertion. He further claims the prosecutor must have had evidence that Michelle Lofton took part in the events that led to Courtney's death, or her guilty plea could not have been accepted. However, a cursory reading of the information charging Mrs. Lofton clearly shows she was not charged with taking an active part in the beating. The information states:

> "... the crime of murder in the second degree was feloniously committed ... by Michelle Renee Lofton ... by allowing Robin DuBois Lofton to strike Courtney D. Matthews with his fists and hands ..."

This assignment of error also has no merit.

Accordingly, the judgment and sentence is **AFFIRMED**.