Ronnie Lee LAY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-83-604.

Court of Criminal Appeals of Oklahoma.

Nov. 30, 1984.

David K. Simpson, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Jean M. Le-Blanc, Legal Intern, Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

The appellant was convicted of Possession of a Controlled Dangerous Substance with Intent to Distribute and sentenced to three (3) years imprisonment and a three thousand dollar ($3,000) fine.

Three assignments of error are raised on appeal. However, inasmuch as we find it necessary to reverse the conviction, only one of the appellant's contentions will be addressed. Appellant argues that insufficient evidence was presented at the trial to establish his possession of Methamphetamine. We agree.

In *Brown v. State*, 481 P.2d 475 (Okl.Cr. 1971), this Court stated:

Possession means more than being where the action is; it involves the exercise of dominion and control over the thing allegedly possessed. [citations omitted].

    \*    \*    \*    \*    \*    \*

[I]t cannot be inferred from merely being present in a place where marihuana is found that the defendant had knowledge of its presence and had dominion and control. There must be additional evidence of knowledge and control to sustain a conviction.

Furthermore, as we stated in *Clarkson v. State*, 529 P.2d 542 (Okl.Cr.1974):

The burden to prove facts from which knowledge and control can be fairly inferred is upon the State.

In the instant case the State simply failed to establish facts from which knowledge and control could be fairly inferred. Testimony presented at the trial showed that on November 15, 1982, pursuant to a search warrant, police officers searched the home of Donald Roselle. When the officers arrived at the home at approximately 11:45 p.m., they found four or five adults and a couple of children in the living room. Although the trial record is not entirely clear on the point, we assume that the appellant was one of the adults who were found in the living room. The owner of the house, Roselle, was found in his bedroom. White powder packages of Methamphetamine were found in a second bedroom. Four of the packages were found in a box and one small package was found between two mattresses.

The prosecution attempted to connect the appellant with the drugs through testimony that one of several boxes found on the floor of the bedroom contained mail and papers bearing the appellant's name. The letters were addressed to the appellant at another address.

The testimony fell short of establishing that the drugs were found in a box which contained mail and papers belonging to appellant. None of the letters or papers which were purported to bear the appellant's name were entered into evidence. The appellant's mother testified that the appellant was living with her at her home when the drugs were discovered.

After considering the evidence presented at trial we find it insufficient to sustain the conviction.

REVERSED and REMANDED with instructions to DISMISS.

PARKS and BRETT, JJ., concur.