**Armond C. MARQUEZ, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–83–708.**

Court of Criminal Appeals of Oklahoma.

June 13, 1985.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Armond C. Marquez was convicted of Burglary in the Second Degree in Payne County District Court and sentenced to five years' imprisonment.

Appellant was arrested on December 21, 1982, after being stopped for driving a vehicle with an expired license plate; and after the police officer also found that appellant was transporting a loaded firearm and an opened can of 3.2% beer. The vehicle was impounded and inventoried. It contained one bottle of Estee Lauder body lotion, three pry bars and a set of bolt cutters which were confiscated as burglar tools, and a notebook cover which listed different police radio frequencies in the area.

The next morning a burglary of the Industrial Services Company office was reported and the loss included forty-two pairs of coveralls with "Industrial Services" inscribed on the back, as well as a cashmere sweater, two Estee Lauder gift sets, a bath oil set and two western shirts, the latter being Christmas gifts of the employees. Appellant and two of his three brothers present when he was arrested were each wearing a set of the described coveralls.

■ Appellant complains of a number of items of evidence and testimony introduced at trial. Certain evidence, he asserts, constituted inadmissible evidence of other crimes. He contends that the burglar tools, though not used in the burglary, tended to indicate that appellant was a professional burglar. He claims the tools and the list of radio frequencies of area police forces should not have been admitted at any rate because they were found within the automobile which was owned by his brother, Manuel. But we find that this evidence, plus that of the firearm he had been transporting was admissible as evidence of intent. *See, e.g., Scott v. State*, 663 P.2d 17 (Okl.Cr.1983). In *Scott*, we held the concealed weapon of an attempted burglar to be admissible as evidence of intent and as "within the entire transaction surrounding the attempted burglary." *Id.* at 19. So too, the evidence appellant complains of tends to prove his intent and may be considered a part of the entire transaction surrounding the burglary. The fact that the automobile appellant drove belonged to his brother may affect the weight to be given the evidence, but will not require its exclusion. *See, Gamble v. State*, 546 P.2d 1336 (Okl.Cr.1976). *See also, Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

■ Appellant asserts that the State improperly elicited evidence of the crimes of Driving with an Open Container and Transporting a Loaded Firearm. These were crimes with which appellant was initially charged. He alleges that testimony regarding these offenses by the arresting officer constituted an evidentiary harpoon, but we do not agree. The statement by the officer was made in response to a question by the prosecutor as to the order of events on the night appellant was arrested, and was not simply volunteered or calculated to prejudice appellant. See, *Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980); and, *Riddle v. State*, 373 P.2d 832 (Okl.Cr.1962).

■ Again, appellant claims, inadmissible evidence of other crimes was allowed when the prosecutor cross-examined him about a prior felony arrest in California. We find this assignment meritless since it

was appellant who had first volunteered this evidence on direct examination by his attorney. When improper evidence is first exposed by a defendant, he may not then complain of error when it is repeated by the State, because defendant has then invited the error. *Luker v. State*, 504 P.2d 1238 (Okl.Cr.1972).

 Finally, appellant complains that the prosecutor improperly made references to other crimes when discussing appellant's arrest of December 21, 1982, during closing arguments. The record does not disclose a contemporaneous objection. But, appellant did later request an admonition to the jury, which the trial court granted and which was sufficient to cure any error. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973). Since, however, we have previously held in this opinion that those offenses were part of the "entire transaction," then the prosecutor's comment thereon was not error. *Scott*, supra.

 Appellant's final assignment of error is that the trial court erred in not ordering a presentence investigation and report since he was eligible for a suspended sentence. We agree, and find that one should have been ordered. 22 O.S.Supp. 1982, § 982; *Smith v. State*, 594 P.2d 784 (Okl.Cr.1979). Therefore, this case is remanded to the District Court so that such an investigation may be ordered.

Based on the foregoing reasons, the judgment is AFFIRMED and the case is REMANDED to the District Court for resentencing in accordance with this opinion.

PARKS, P.J., and BRETT, J., concur.