Steven Grant PRYOR, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–82–765.

Court of Criminal Appeals of Oklahoma.

June 19, 1985.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. Leblanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Steven Grant Pryor, was convicted of Unauthorized Use of a Motor Vehicle After Former Conviction of Two or More Felonies in the District Court of Oklahoma County, Case No. CRF–82–1278. He was sentenced to a term of forty (40) years imprisonment, and appeals.

On the night of March 16, 1982, Officer Hoagland, who was running radar, observed appellant drive past him at a high rate of speed. Hoagland followed, and observed appellant make two U-turns and begin to speed away. Hoagland, still pursuing appellant, turned on his overhead lights and siren and radioed ahead for a road block, which was subsequently established by Officers McEver and Apple. The officers fired at the car when it passed through the road block, and then joined in the chase with Hoagland. The episode ended when the car appellant was driving struck a parked vehicle, and appellant was apprehended. Appellant admits to driving the car without the owner's consent, but denies having any intent to temporarily deprive the owner of its possession.

In his first assignment of error, appellant complains the trial court erroneously overruled his motion to dismiss based on the State's destruction of potentially exculpatory evidence. Apparently, appellant, while at the police station, made two telephone calls to the juvenile who was a passenger in the vehicle which appellant was driving. Appellant alleges that both telephone conversations were recorded, and were exculpatory in that they indicated he did not know the car was stolen until the chase with the police began. Appellant contends that under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), he is entitled to secure from the State any exculpatory evidence, and the trial court should have dismissed the case when the State was unable to produce these tapes.

The State contends the second telephone call was not recorded, and the first tape was destroyed because the quality of the tape recording was not good. Furthermore, the State points out that Sergeant Pitt took notes of the initial telephone conversation while he was listening on another line, transcribed those notes, and they were admitted into evidence at trial. Appellant testified at trial that he had read the exhibit, it represented a complete and accurate record of the conversation, that the two

telephone conversations were substantially the same in content. Further, appellant's testimony corroborated that the quality of the first tape was not good.

Appellant has failed to show this Court the first tape was intentionally destroyed or that a second tape existed. The appellant has also failed to offer any evidence tending to demonstrate that the tapes would have been favorable to him, or that he was prejudiced by their absence. Accordingly, *Brady v. Maryland, supra,* does not apply, and this assignment of error is without merit.

■ In his second allegation of error, appellant contends the trial court erred in admitting evidence of other crimes in violation of *Burks v. State,* 594 P.2d 771 (Okl. Cr.1979). At the outset, we note that appellant failed to object at trial to the introduction of evidence of speeding, reckless driving, larceny of the automobile and driving while drinking. As such, any error resulting from these admissions was waived and cannot be raised for the first time on appeal. *Cole v. State,* 645 P.2d 1025 (Okl.Cr.1982); and *Walker v. State,* 608 P.2d 1156 (Okl.Cr.1980).

■ Appellant also contends that while the State gave notice of their intent to offer evidence of the running of the road block and the alleged assault on Officer Apple with the car, the notice failed to disclose the purpose for which the evidence was offered as required by *Burks v. State, supra.* However, we find these offenses were so closely connected as to be part of the same transaction and, therefore, evidence of the running of the road block and the alleged assault were properly admitted as part of the res gestae; hence, *Burks v. State, supra,* does not apply. *See Caffey v. State,* 661 P.2d 897, 901 (Okl.Cr.1983). *See also Bruner v. State,* 612 P.2d 1375 (Okl.Cr.1980); and *Walker v. State, supra.*

Accordingly, the judgment and sentence is AFFIRMED.

BRETT and BUSSEY, JJ., concur.