Bennie Wren **BOLTON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–83–392.

Court of Criminal Appeals of Oklahoma.

June 25, 1985.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Jean M. Le-Blanc, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Bennie Wren Bolton was convicted of Carrying a Firearm, After Former Conviction of a Felony, and was sentenced to ten (10) years in prison. The charge arose out of events outside a Tulsa club on the evening of May 11, 1982. The appellant approached the proprietor in the parking lot and said that he had a gun, a "fourteen shooter," and pulled back his jacket revealing the butt of what was described by the proprietor as a .22 or .25 caliber automatic pistol, in appellant's waistband. Appellant

then approached a second man outside the club and exchanged words with him, eventually pulling the weapon and discharging it twice into the air. Appellant followed the man to the street in front of the club, and struck him across the face with the gun. He then discharged it a third time. A spent .22 caliber shell casing was ultimately found on the ground where the weapon was fired.

■ On appeal, Bolton first contends that the evidence was insufficient to establish that the weapon was in fact a "pistol" as defined by 21 O.S.1981, § 1289.3, i.e., that it was "capable of discharging a projectile ... able to cause lethal injury." However, the circumstances fully support the inference that the weapon was a fully operational device capable of discharging potentially lethal bullets. That the weapon was never recovered, and that no one was actually shot with the device, does not compel a different result. Where there is evidence from which the jury could conclude that the defendant is guilty as charged, this Court will not interfere, despite sharp conflicts in the evidence. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980). Appellant's first contention is without merit.

Appellant next contends that he was improperly prevented from inquiring on cross examination as to whether the attorney of a prosecution witness, then charged with an unrelated crime, conveyed to the witness plea negotiations with the prosecutor for his testimony in this case. The question disallowed was whether the witness' attorney "ever talk[ed] to him about this case and testifying ... for the state." However, defense counsel elicited from the witness that no one from the prosecutor's office had indicated that he would receive favorable treatment for his testimony and that, to the witness' knowledge, no deals had been worked out for his testimony.

■ As may be seen, the question disallowed did not go directly to the issue of inducement, and the defense cross examination fully covered the witness' knowledge as to whether he had been offered anything for his testimony. The witness'

negative response must be understood as denying such knowledge, whether learned from his attorney or otherwise. *Mays v. State*, 594 P.2d 777 (Okl.Cr.1979), cited by appellant, is distinguishable, since the whole subject of possible plea negotiations between the prosecution witness and the State in that case had been improperly exempted from defense inquiry by the trial judge. While trial courts must be cautious when limiting defense inquiry in this area, we find no error in the case at bar.

■ Finally, appellant contends that the sentence was excessive. First, he asserts that evidence of the appellant's assault on the man outside the club was impermissible other crimes evidence. This contention is without merit. The assault was so connected to the offense charged, i.e., the illegal possession of the firearm, as to form a part of an entire transaction, and was admissible as showing the character of the offense charged. See, *Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980). Evidence of the res gestae is exempt from the requirement of pretrial notice under *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979); the failure of the defense to request a limiting instruction was a waiver of such an instruction, even if otherwise appropriate, *Scott v. State*, 663 P.2d 17 (Okl.Cr.1983); and references to the assault in the State's evidence and closing argument were not improper.

Appellant also contends, with some force, that the trial judge should have sustained a defense motion to excise from the judgment and sentence documents offered to support the habitual offender charge the sentences received for the prior convictions, to wit, three forty-five year terms of imprisonment in 1969. He argues that such information served merely to alert the jury to the possibility of early release, and may have contributed to the jury's assessment to the maximum punishment in this case.

■ However, we are unable to say that this matter influenced the assessment of punishment. Evidence that appellant's possession of the weapon involved the dis-

charge of the gun, and its use as a club to strike another person, coupled with the evidence of appellant's three prior armed robbery convictions, fully support the severity of the sentences.

Accordingly, the judgment and sentence is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.