Edwin WILLIAMS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–85–724.

Court of Criminal Appeals of Oklahoma.

April 13, 1988.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Robert G. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Appellant, Edwin Williams, was tried by jury and convicted of Robbery by Force and Fear After Former Conviction of Two or More Felonies (21 O.S.1981, § 791) in Canadian County District Court, Case No. CRF–84–771, before the Honorable Edward C. Cunningham. The jury set punishment at twenty-five (25) years imprisonment, and judgment was imposed accordingly. From this judgment and sentence, the appellant has perfected this appeal.

On November 30, 1984, the Mini–Max Store in El Reno, Oklahoma, was robbed. A black man approached the counter, carrying a can of beer. Setting the can on the counter, he demanded that the clerk give him the money from the register. He pushed the clerk to the floor, told her he

had a gun and "would use it." After an unsuccessful attempt to open the register, he forced her to open it for him. He took the money from the register and asked if there was any more money in the store. He rummaged around and found a brown paper bag containing cash. Taking the cash from the bag and the register, he left the store. At trial, the clerk identified the appellant as the perpetrator of the robbery.

Shortly thereafter, the deputy sheriff of Custer County observed a vehicle which matched the description of that involved in the robbery. He followed the vehicle, which was traveling at a high rate of speed. When the driver of the vehicle realized he was being followed, he crossed the median and began driving westbound in an eastbound lane. This chase, continuing for fifteen (15) miles, ended when appellant sped off an exit ramp and rolled his car. Appellant then fled on foot but was apprehended by police officers. He was searched and a large amount of cash was discovered in his pockets.

■ Appellant asserts that it was reversible error to admit evidence of other crimes as the State did not comply with the notice requirements of *Burks v. State,* 594 P.2d 771, 774 (Okla.Crim.App.1979). The "other crime" evidence at issue is the testimony of the police officer regarding the fifteen-mile chase.

This Court has repeatedly held that acts which are so closely connected as to be a part of the entire transaction are admissible as part of the *res gestae. Raymond v. State,* 717 P.2d 1147, 1150 (Okla.Crim.App. 1986); *Bolton v. State,* 702 P.2d 1040, 1042 (Okla.Crim.App.1985); *Walker v. State,* 608 P.2d 1156, 1158 (Okla.Crim.App.1980). As such, evidence of this type is exempted from the *Burks* requirement of pretrial notice. *See Burks, supra* at 774; *Bolton, supra* at 1042; *Wahid v. State,* 716 P.2d 678, 680 (Okla.Crim.App.1986), *cert. denied,* 476 U.S. 1173, 106 S.Ct. 2899, 90 L.Ed.2d 985 (1986). In the present case, appellant urges that the chase following the robbery was a distinct and separate offense. We disagree. The chase occurred within minutes of the robbery and

continued until appellant was apprehended. These facts closely parallel those in *Walker v. State, supra,* where this Court held that the robbery and ensuing chase were so closely related as to be part of the same transaction. Accordingly, we believe that the two events were so interrelated as to be part of the same transaction. Therefore, *Burks* notice was not required. This assignment is without merit.

■ In his second proposition, appellant claims that prosecutorial misconduct prejudiced the during the second stage of his trial. He argues that the prosecutor made improper comments regarding pardon and parole during closing arguments. The prosecutor's comments were as follows:

MR. GAHAN: You will note that the defendant was convicted December 1, 1980, of Aggravated Robbery and received a sentence of 15 years. And March 12, 1984, he was convicted of Unlawful Possession of Firearm by [sic] Felon and sentenced to six years.

MR. JAMES: May we approach the bench, Your Honor?

THE COURT: Yes, sir.

Appellant's counsel objected and moved for a mistrial. The trial court overruled the motion. Appellant now urges that such comments indirectly called attention to the fact that appellant was on trial only four (4) years after receiving a fifteen (15) year sentence.

■ While we agree that it is improper for the prosecutor to make reference to the reduction of a sentence by pardon or parole, such comments must be considered in light of the totality of the closing argument. *See Satterlee v. State,* 549 P.2d 104, 110–111 (Okla.Crim.App.1976); *Webb v. State,* 546 P.2d 642, 644 (Okla.Crim.App. 1976). The appropriate test, as recalled in *Richardson v. State,* 600 P.2d 361, 367 (Okla.Crim.App.1979), is as follows:

Whether in light of the totality of the closing argument the prosecuting attorney makes such an unmistakable reference to the pardon and parole system of Oklahoma to result in prejudice to defendant.

As applied to these facts, it cannot be said the the prosecutor made an "unmistakable reference" to the pardon and parole system. *See Camp v. State,* 664 P.2d 1052, 1054 (Okla.Crim.App.1983). Unlike the case of *Stringfellow v. State,* 744 P.2d 1277 (Okla.Crim.App.1987), wherein the prosecutor directly stated that the defendant was released before serving his full sentence, the prosecutor in appellant's case made no comment regarding the time served for previous convictions. Instead, it appears that the prosecutor merely read the information contained in the judgment and sentences. Further, this being the only comment at issue during the entire closing argument, appellant has failed to show prejudice. Accordingly, this assignment is without merit.

 In his final assignment of error, appellant claims prejudice resulted from the introduction of docket sheets during the second stage of trial. Appellant had prior convictions in the state of Texas and docket sheets of these convictions were introduced by the State. The docket sheet marked State's Exhibit 5 reflects that appellant was sentenced to life, that such conviction was reversed and remanded by a Texas appellate court, and that subsequent to the reversal, appellant pled guilty and received a fifteen (15) year sentence.

Appellant does not argue that the docket sheets were improper to show prior convictions. Therefore, that issue will not be addressed by this Court. Rather, appellant argues that he suffered prejudice because the jury was shown he had previously received a life sentence.

In support of this proposition, appellant cites *Bean v. State,* 392 P.2d 753 (Okla. Crim.App.1964). In *Bean,* this Court held that prison records were inadmissible to prove prior convictions. That case is clearly distinguishable as we are not dealing with prison records nor are we addressing the issue of whether these documents could be used to prove prior convictions.

The jury assessed punishment at twenty-five (25) years. Because the minimum sentence was twenty (20) years, and the punishment was not excessive in light of the crime committed, appellant has failed to show prejudice. Accordingly, this assignment is without merit.

For the reasons stated above, the judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.