Andre Lavon **ARMSTRONG, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–85–584.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1988.

Paul S. Faulk, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Andre Lavon Armstrong, was charged, tried and convicted of Burglary in the Second Degree After Former Conviction of Two or More Felonies in the District Court of Oklahoma County, Case No. CRF-84-944 and was sentenced to sixty (60) years imprisonment. From that judgment and sentence, he appeals.

On October 13, 1983, an employee of the Regal Plastic Company arrived at work to find a window had been broken, allowing the company to be entered and burglarized. The police were contacted and an investigation of the premises ensued. During the investigation, an officer lifted certain fingerprints from a broken window pane. The company reported various items missing including forty (40) blank company checks.

On October 26, 1983, an off-duty Oklahoma City police officer was summoned to Snyder's I.G.A. while working as a security guard at Windsor Hills Shopping Center. A clerk at the I.G.A. discovered that the appellant was attempting to cash a check bearing the name of Vincent Braswell. After questioning the appellant, the officer arrested and searched him. The search produced a Ford car key that was later matched to a 1977 Thunderbird parked in front of the I.G.A. The officers searched the car and uncovered various items reported missing from the Regal Plastic's burglary, including a missing check bearing the name of Vincent Braswell as payee. Fingerprints lifted from those items recovered matched the appellant's fingerprints as well as those lifted from the window pane at Regal Plastics.

In the appellant's first two assignments, he contends that the trial court's allowance of certain other crimes evidence was highly prejudicial reversible error. The appellant complains that the introduction of the stolen check of Vincent Braswell as well as the stolen Regal Plastic's check was not sufficiently relevant to outweigh its prejudicial effect. Upon review, this Court notes that the first check was offered to show identity, intent, absence of mistake, and a common plan or scheme. Moreover, the second check was an actual piece of property stolen in the Regal Plastic's burglary, showing identity.

This Court has consistently held that evidence of other crimes is inadmissible unless it is offered to show intent, identity, motive, common plan or scheme, or absence of mistake. *See Owens v. State*, 654 P.2d 657 (Okl.Cr.1982). Clearly, both checks fall within the other crimes rule exceptions. Therefore, the appellant's first two assignments are without merit.

The appellant's third assignment argues that the State's injection of certain evidentiary harpoons concerning the fact that the appellant was driving a stolen automobile was fatally prejudicial to his case and warrants reversal. The record reflects that the trial court admonished the jury to disregard the prejudicial statements. Moreover, we find that the statements were not the determining factor in reaching a verdict. This Court has held an admonishment by the trial court to the jury cures errors dealing with prejudicial statements of the prosecution or its witnesses, unless those statements determine the verdict. *Horton v. State*, 728 P.2d 1376 (Okl. Cr.1986). Here the admonishment by the trial court cured any error made by the prosecution. The appellant's third assignment is also without merit.

Next, the appellant complains that his sentence is excessive and should be modified. The sixty (60) year sentence imposed clearly falls within the range of sentencing set out in 21 O.S.1981, § 1435. It has been the longstanding rule of the Court of Criminal Appeals to leave a trial

court's sentence undisturbed unless that sentence is so excessive that it shocks the conscience of this Court. *Henderson v. State*, 695 P.2d 879 (Okl.Cr.1985). The sentence is not excessive. The appellant's fourth assignment is, therefore, without merit.

The appellant's final contention claims that the accumulation of errors stated above constituted reversible error. This Court, however, has long held that where no individual error has been shown, there can be no accumulation of error. *Weatherly v. State*, 733 P.2d 1331 (Okl.Cr.1987). This Court found no individual error; therefore the appellant's final assignment is without merit. Judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.