June Maxine JONES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–87–726.

Court of Criminal Appeals of Oklahoma.

April 11, 1989.

Ronald H. Mook, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

June Maxine Jones, appellant, was tried by jury and convicted of Possession of a Controlled Dangerous Substance (Cocaine) With Intent to Distribute in violation of 63 O.S.Supp.1986, § 2–401, in Oklahoma County District Court, Case No. CRF–87–211, before the Honorable William Saied, District Judge. The jury set punishment at ten (10) years imprisonment, and judgment and sentence was entered accordingly. We affirm.

During the late evening of January 9, 1987, and the early morning of January 10, 1987, Oklahoma City police officers executed a search warrant on the Clayburn Robinson residence. Upon entering the residence, officers found four men, one woman (appellant), and a child. Detective Charles Hill observed a person wearing a sweatshirt move toward the back of the house. Hill testified appellant was the only person in the residence wearing a sweatshirt. Hill pursued a black male, who proceeded to stomp on a glass pipe, into the kitchen, where Hill recovered remnants of glass, wire mesh, and filters consistent with a cocaine pipe. Detective Glenn Ring proceeded down the hallway when he noticed a closed door. Announcing his status as a police officer, Ring tried to open the door, but someone shut it. Subsequently, Detective Ring, with the assistance of Detective Upchurch, forced open the door and apprehended appellant in a bathroom. A snakeskin purse found nearby in the bathtub contained nineteen (19) $50.00 "rocks" of cocaine, three (3) $25.00 "rocks" of cocaine, and one "rock" of cocaine weighing six and one-half grams, with a total street value of around $2,575.00. A total of $1,773.00 was found in appellant's pants pocket, including one five dollar ($5.00) bill and one twenty dollar ($20.00) bill, which had earlier been supplied by the police to an informant for a controlled buy of cocaine and were identified by recorded serial numbers. The purse contained a large baggie of smaller zip lock baggies. Several books of food stamps were found near the purse, as well as a red address book, which contained the phone numbers of several individuals the police associated with appellant. The police also seized several items from the kitchen area, including razor blades, baking soda, a bottle of bacardi

rum, and a number of small plastic zip lock baggies. Detective Hill testified that food stamps were often exchanged for cocaine, that razor blades were used to chip the rock cocaine for distribution, that baking soda was used in the cooking of crack cocaine, that rum was used as a heat source, and that plastic baggies were commonly used in packaging cocaine for distribution.

Appellant testified that neither the purse, State Exhibit 1, nor any of its contents, belonged to her. She said she won thirty-five or forty dollars playing cards with three other people in the house, and that she had about nineteen hundred dollars ($1900.00) in cash in her pocket when she arrived in Oklahoma City. Clayburn Robinson testified that appellant was a guest in his home on January 9–10, when the police searched his home, and that he had just met appellant that day. Robinson stated that three other women left before the police arrived.

■■■ Appellant first claims the trial court erred in four instances by allowing Detective Hill to testify to matters outside his personal knowledge contrary to 12 O.S. 1981, § 2602. The first and fourth instances complained of were not preserved for appellate review with a timely specific objection. *See* 12 O.S.1981, § 2104(A)(1); *Hainey v. State,* 740 P.2d 146, 150 (Okla. Crim.App.1987). Concerning the second instance, no objection was made at trial on the specific ground now urged. *See Fitchen v. State,* 738 P.2d 177, 180 (Okla.Crim. App.1987). In the third instance, defense counsel's timely objection was sustained prior to the witness completing his answer to the question and, in any event, the jury was admonished to disregard it. *See Armstrong v. State,* 763 P.2d 113, 114 (Okla. Crim.App.1988). Appellant does not claim, nor do we find, plain error under 12 O.S. 1981, § 2104(D). This assignment is meritless.

■■■ Appellant next contends the trial court erred in admitting other crime evidence, and in failing *sua sponte* to give a limiting instruction. The requirements set forth in *Burks v. State,* 594 P.2d 771, 774–

75 (Okla.Crim.App.1979), "do not relieve defense attorneys of the need to object to inadmissible evidence of other crimes." *Id.* at 775. "[T]here is no need for the [trial] court to make a determination of admissibility unless the defendant raises an objection." *Id.* Defense counsel never made a specific objection concerning other crime evidence at trial under *Burks,* and therefore, the trial judge did not err in not making a determination of admissibility regarding the alleged other crime evidence. *See Marks v. State,* 654 P.2d 652, 655 (Okla.Crim.App.1982).

Concerning the limiting instruction, two members of this Court recently held that "the trial court must always give the limiting instructions" whether requested or not. *Landtroop v. State,* 753 P.2d 1371, 1372 (Okla.Crim.App.1988) (Quoting *Burks,* 594 P.2d at 775.). The problem with this holding is that neither *Landtroop* nor *Burks* recognized the applicable provision of the Oklahoma Evidence Code:

> When evidence which is admissible ... for one purpose but not admissible ... for another purpose is admitted, the court shall *upon request* restrict the evidence to its proper scope and instruct the jury accordingly.

12 O.S.1981, § 2106 (emphasis added). Section 2106 "makes it clear that the burden is on the party who wants the limiting instruction to request it." 1 L. Whinery, *Guide to the Oklahoma Evidence Code* 33 (1985). However, Section 2106 "is not clear concerning the circumstances under which the trial judge may, or should, rule sua sponte that a limiting instruction be given. If the failure to give a limiting instruction would constitute plain error within the meaning of Section 2104(D), the trial judge would be well advised to rule sua sponte that a limiting instruction be given...." *Id.* "The issue may best be handled by appropriate inquiry of counsel concerning the propriety of giving limiting instructions." *Id.*

Prior decisions have held that a defendant's right to a limiting instruction under *Burks* is waived by the failure to object

and request one.[1] However, the *Landtroop* opinion only expressly recognized, and thus overruled, one of the foregoing cases, *e.g.*, *Koonce v. State*, 696 P.2d 501 (Okla.Crim.App.1985). *Landtroop*, 753 P.2d at 1372.

■ We hold that the intent of the Legislature in enacting Section 2106 of the Oklahoma Evidence Code reflects that the failure of a trial court to give a limiting instruction *sua sponte* does not automatically constitute reversible error unless it arises to the level of plain error under 12 O.S.1981, § 2104(D). Accordingly, to the extent *Landtroop* and *Burks* are inconsistent with this opinion, they are hereby overruled.[2]

Plain errors are "errors affecting substantial rights although they were not brought to the attention of the court." 12 O.S.1981, § 2104(D). The legislative history behind Section 2104(D) makes clear that the plain error rule is "not ... novel for criminal cases in Oklahoma" but is consistent with the "fundamental error" doctrine recognized by prior caselaw. *See* Whinery, *supra*, at 25 (Evidence Subcommittee's Note). "[E]rrors other than those which are jurisdictional or fundamental in character not objected to ... are considered waived." *Morrison v. State*, 37 Okla.Crim. 359, 258 P. 1050, 1050 (1927). "Fundamental error is error which goes to the foundation of the case, or which takes from a defendant a right essential to his defense." *Id.* *Accord Tucker v. State*, 675 P.2d 459, 461 (Okla.Crim.App.1984). "In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to

which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936). If an accused "is convicted in a way inconsistent with the fairness and integrity of judicial proceedings, then the courts should invoke the plain error rule in order to protect their own public reputation." 3 W. LeFave, & J. Israel, *Criminal Procedure* § 26.5, at 255–56 n. 78 (Quoting 3 C. Wright, *Federal Practice and Procedure–Criminal* § 856 (2d ed. 1982). The determination of plain error must be made on a case-by-case basis. *Id.* at 256.

■ On the record before us, we cannot say the failure of the trial court to give a limiting instruction *sua sponte* deprived appellant of a substantial right rising to the level of plain error under 12 O.S.1981, § 2104(D). *Cf. Turner v. State*, 629 P.2d 1263, 1265 (Okla.Crim.App.1981).

■ In her third and final assignment, appellant argues the trial court erred in overruling her demurrer to the evidence, more properly termed a motion for a directed verdict, because the State failed to introduce sufficient evidence to prove possession and intent to distribute. We disagree. Initially, we note appellant waived her motion for a directed verdict by offering evidence in her own defense and, therefore, the sufficiency of the evidence will be determined by reviewing the record as a whole in the light most favorable to the

1. *See, e.g.*, *Dunagan v. State*, 755 P.2d 102, 105 (Okla.Crim.App.1988); *Bennett v. State*, 743 P.2d 1096, 1099 (Okla.Crim.App.1987); *Hainey v. State*, 740 P.2d 146, 151 (Okla.Crim.App.1987); *Sweatte v. State*, 732 P.2d 476, 477 (Okla.Crim. App.1987); *Shietze v. State*, 724 P.2d 262, 264 (Okla.Crim.App.1986); *Freeman v. State*, 721 P.2d 1327, 1329 (Okla.Crim.App.1986); *Abbott v. State*, 719 P.2d 1289, 1291 (Okla.Crim.App. 1986); *Lipe v. State*, 716 P.2d 700, 702 (Okla. Crim.App.1986); *Dyke v. State*, 716 P.2d 693, 698–99 (Okla.Crim.App.1986); *Donald v. State*, 716 P.2d 681, 683 (Okla.Crim.App.1986); *Shultz v. State*, 715 P.2d 485, 487 (Okla.Crim.App. 1986); *Nelson v. State*, 709 P.2d 700, 702 (Okla. Crim.App.1985); *Bolton v. State*, 702 P.2d 1040,

1042 (Okla.Crim.App.1985); *Koonce v. State*, 696 P.2d 501, 507 (Okla.Crim.App.1985); *Lofton v. State*, 693 P.2d 629, 631 (Okla.Crim.App. 1984); *Scott v. State*, 668 P.2d 339, 343 (Okla. Crim.App.1983); *Scott v. State*, 663 P.2d 17, 19–20 (Okla.Crim.App.1983); *Marks v. State*, 654 P.2d 652, 655 (Okla.Crim.App.1982); *Cole v. State*, 645 P.2d 1025, 1027 (Okla.Crim.App. 1982); *Wills v. State*, 636 P.2d 372, 376 (Okla. Crim.App.1981); *Pearson v. State*, 632 P.2d 765, 768 (Okla.Crim.App.1981).

2. *See also Drew v. State*, 771 P.2d 224 (Okla. Crim.App.1989).

State. *See Doyle v. State*, 759 P.2d 223, 224 (Okla.Crim.App.1988).

Because the proof presented by the State consisted of both direct and circumstantial evidence, the test for sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *See Riley v. State*, 760 P.2d 198, 199 (Okla. Crim.App.1988). A reviewing court must accept all reasonable inferences and credibility choices that tend to support the trier of fact's verdict. *See Washington v. State*, 729 P.2d 509, 510 (Okla.Crim.App. 1986). The essential elements of the crime of possession of a controlled dangerous substance with intent to distribute are: (1) knowing and intentional; (2) possession; (3) of a controlled dangerous substance; (4) with an intent to distribute. 63 O.S.Supp. 1986, § 2–401; *Oklahoma Uniform Jury Instructions–Criminal* (OUJI–CR) 602 (1981).

"When a controlled dangerous substance is not found on the accused but on premises to which several persons have access, possession cannot be inferred simply because the drugs were found on the premises, but the State must introduce additional facts from which it fairly can be inferred that the accused had dominion and control over the seized substance." *Doyle*, 759 P.2d at 225 (citations omitted).

The State's evidence showed that at the time police officers entered the residence of Clayburn Robinson, appellant was seen moving from the living room down the hallway towards a bathroom, where she was apprehended after detectives forced open the door. Although four men and a male child were apprehended in the living room and kitchen area, appellant was the sole female found in the house and the only occupant in the hall bathroom. In a nearby bathtub, officers found a snakeskin purse which held a large number of plastic packages containing a total of twenty-three (23) "rocks" of cocaine having a total street value of $2,575.00. The purse also contained several cigarette lighters, a package of cigarettes, chap stick, loose change, and a large plastic baggie containing a number of smaller plastic zip lock baggies. A total of $1,773.00 in cash was found in appellant's front pants pocket, including one five dollar ($5.00) bill and one twenty dollar ($20.00) bill which had been earlier supplied by police to an informant for a controlled buy of cocaine. The two bills were identified by previously recorded serial numbers. Several books of food stamps as well as a red address book were found in close proximity to the purse. Detective Hall testified the address book contained the phone numbers of several individuals that the police "associated" with appellant.

On the basis of the foregoing, we find appellant's reliance on *Lay v. State*, 692 P.2d 567, 568 (Okla.Crim.App.1984), misplaced. Unlike *Lay*, in the case at bar, we find the State presented additional independent facts, other than mere proximity to the contraband, from which a jury could fairly infer that the appellant had dominion and control over the cocaine in the purse. *See Luker v. State*, 504 P.2d 1238, 1240 (Okla.Crim.App.1972). Further, the State's evidence as to the individual packaging and quantity of rock cocaine was sufficient to support the jury's finding of intent to distribute. *See Davis v. State*, 514 P.2d 1195, 1199 (Okla.Crim.App.1973). This assignment is meritless.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., and LANE and LUMPKIN, JJ., concur.

BUSSEY, J., concurs in result.